UNITED STATES v. LOUISVILLE & N. R. CO.

(District Court, W. D. Kentucky.  March 14, 1910.)

1. COURTS (§ 67*)—FEDERAL COURTS—TERMS—ADJOURNMENTS.
     Under Act Cong. Feb. 12, 1901, c. 355, 31 Stat. 781 (U. S. Comp. St. 1901, p. 360), dividing Kentucky into two judicial districts, and section 10, providing that the terms of the United States District Court therein shall not be limited to any particular number of days, nor shall it be necessary to adjourn by reason of the intervention of any term elsewhere, but the court intervening may be adjourned until the business of the court in session is concluded, the terms of court held in that district, wherever held, are continuous until the beginning of the next term in each place without an adjournment; and hence a term held in Louisville did not lapse by reason of the commencement of intervening terms elsewhere.
     [Ed. Note.—For other cases, see Courts, Dec. Dig. § 67.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. GRAND JURY (§ 9ᵏ)—SPECIAL TERMS—NECESSITY.**

A grand jury may be summoned and impaneled during a regular term, under Rev. St. § 810 (U. S. Comp. St. 1901, p. 627), authorizing the summoning of a grand jury in term time to serve for such time as the court may direct, without the calling of a special term of the court, under section 581 (page 477), providing that a special term may be held at the same place where any regular term is held, or at such other place in the district as the nature of the business may require, etc., though such section authorized a special term.

[Ed. Note.—For other cases, see Grand Jury, Dec. Dig. § 9.*]

**3. GRAND JURY (§ 19*)—COMPETENCY—WAIVER OF OBJECTIONS.**

Objections to competency of grand jury, not made until 35 days after service of process, are waived, where the court was open every day, except holidays, during such period.

[Ed. Note.—For other cases, see Grand Jury, Dec. Dig. § 19.*]

**4. COURTS (§ 66*)—ADJOURNMENTS.**

Since adjournment orders must be the last entered on the day's proceedings, a custom of the clerk for convenience not to actually enter such orders until near the end of the term was not objectionable.

[Ed. Note.—For other cases, see Courts, Dec, Dig. § 66.*]

Indictment by the United States against the Louisville & Nashville Railroad Company. On demurrer to defendant's second plea in abatement. Sustained.

George Du Relle, Dist. Atty., for the United States.
Henry L. Stone and W. G. Dearing, for defendant.

EVANS, District Judge. The indictment in this case was returned by the grand jury on December 2, 1909, and the process issued thereon was executed on January 24, 1910. Two pleas in abatement were filed on March 10, 1910, the first of which is in this language, viz.:

"Now comes the defendant, Louisville & Nashville Railroad Company, and offers herein its plea in abatement of the indictment herein and each count thereof upon the following grounds, to wit:

"The grand jurors that found the indictment herein were not impaneled and sworn, and did not return the indictment herein at or during either a regular or special term of this court at Louisville, but were impaneled and sworn and found the indictment herein when this court was not in session, or holding either a regular or special term, as provided by law. The regular terms of this court, by 'An act to divide Kentucky into two judicial districts,' approved February 12, 1901, shall be held at the following times and places, namely: At Louisville, beginning on the second Monday in March and the second Monday in October in each year; at Owensboro, beginning on the fourth Monday in November and the first Monday in May in each year; at Paducah, beginning on the third Monday in April and the third Monday in November in each year; and at Bowling Green, beginning on the third Monday in May and the second Monday in December in each year. The regular term of this court at Louisville was convened by the honorable district judge thereof on the second Monday in October, to wit, October 11, 1909, and there continued in session by him until November 12, 1909, when the last order at that term was entered. The regular term of this court at Paducah was convened by the honorable district judge thereof on the third Monday in November, to wit, November 15, 1909, and there continued in session by him until November 17, 1909, when the last order at that term was entered. The regular term of this court at Owensboro was convened by the honorable district judge thereof on the fourth Monday in November, to wit, November 22, 1909, and there continued in session by him until November 23, 1909,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

when the last order at that term was entered. After the convening of the regular term of this court at Louisville on October 11, 1909, and prior to the convening of the regular term of this court at Paducah on November 15, 1909, no order of adjournment of the said regular October term of this court at Louisville was made or entered adjourning that term of court over to any time or future day, and the said regular October term of this court at Louisville, without such order of adjournment, thereby stood adjourned sine die, upon the convening of the said regular term of this court at Paducah on November 15, 1909. The honorable district judge of this district on November 19, 1909, upon the request of the district attorney of this district, ordered the clerk and the jury commissioner to draw the names of, and the marshal to summon, twenty-five men having the qualifications prescribed by law to appear in this court on November 29, 1909, to serve as grand jurors. Afterward, on November 26, 1909, the honorable district judge of this district made a like order for twenty additional men to be summoned to appear in this court on the last-mentioned date to serve as grand jurors. But, notwithstanding the regular October term, 1909, of this court at Louisville stood adjourned sine die, by reason of the facts hereinabove stated, and no special term of this court at Louisville to be convened or held on November 29, 1909, had been ordered or called by the honorable district judge thereof, and no notice thereof had been prescribed by him or been given therefor, sixteen men out of the number ordered to be summoned as aforesaid were on November 29, 1909, when this court was not in session at either a regular or special term, as provided by law, but in vacation, impaneled and sworn as a grand jury at Louisville, and thereafter, on December 2, 1909, when this court was in vacation and not in session, either at a regular or special term, as provided by law, found and returned the indictment herein against this defendant not in open court. Wherefore, the defendant prays that the indictment herein and each count thereof be abated, quashed, and held as void."

A demurrer to this plea was overruled, mainly because it was stated in the plea that "the grand jurors that found the indictment herein were not impaneled and sworn and did not return the indictment herein at or during either a regular or special term of this court at Louisville, but were impaneled and sworn and found the indictment herein when this court was not in session, or holding either a regular or special term as provided by law," and because it is intimated in the plea that the court at Louisville stood adjourned sine die at the time, and that no special term had been called according to law.

Issues being made upon the allegations of this plea, the court heard the testimony offered, and finds the facts to be that the grand jurors who returned the indictment were impaneled and sworn at and during a regular term of this court, to wit, at the regular term of this court which begun on the second Monday in October, 1909, that said grand jurors returned said indictment at and during said term of said court while it was in session at Louisville, and that said grand jurors were not impaneled or sworn when this court was not in session holding its regular term here, and that the said grand jurors did not return said indictment when this court was not in session nor when it was not holding a regular term at Louisville, as provided by law. And the court further finds the facts to be that this court had not adjourned sine die or for the term either at the ordering, impaneling, or swearing of said grand jurors nor at the time the indictment was found. The court finds that otherwise the facts are accurately stated in said plea, except that the last orders of the respective terms held at Paducah and Owensboro were not entered respectively on November 12th and 23d. The statements to that effect made in the plea are found not to be true.

The judge, judicially and otherwise, abundantly knows that this court, namely, the district court, is continuously in session from day to day all the year round, with few exceptions on holidays, occasional vacations, and absences at other places. He particularly knows that such has been the fact during the present term, which begun according to law in Louisville on the second Monday in October last, that being the 11th day of the month. Of course, on the third Monday in November, 1909, as provided by law, a term was opened at Paducah, on the fourth Monday in November, 1909, a term was opened at Owensboro, and, though it is not important in this case, on the second Monday in December, 1909, a term was opened at Bowling Green, and for such time as was necessary the judge remained at each of those places. But section 10 of an act to divide Kentucky into two judicial districts, approved February 12, 1901 (Act Feb. 12, 1901, c. 355, 31 Stat. 781 [U. S. Comp. St. 1901, p. 360]), provides:

"That the terms of said courts shall not be limited to any particular number of days, nor shall it be necessary to adjourn by reason of the intervention of any term elsewhere; but the court intervening may be adjourned until the business of the court in session is concluded."

An analysis of this brief section shows, first, that the terms of the courts held in this district shall not be limited to any particular number of days; second, that it shall not "be necessary to adjourn by reason of the intervention of any term elsewhere;" and, third, "that the court intervening may be adjourned until the business of the court in session is concluded." Obviously, this last clause, in terms, refers to the adjournment of the intervening court—that is to say, in its application to the pending matter it refers to the terms which in November, 1909, were held at Paducah and Owensboro, and which, under the statute, might have been adjourned, if the judge so desired, until the court at Louisville, which was in session, had concluded its business; but, under the statute, in no event is it necessary that the term should have been adjourned at Louisville by reason of an intervening term elsewhere. Hence, it is wholly immaterial whether the term in progress in Louisville, and which begun on October 11, 1909, was adjourned either for the term at Paducah or for the term at Owensboro. It is manifest, from the language of the statute, that the term at Louisville (the only one we are now considering, and where the bulk of the business of the district is done) was meant to be a continuous term, that it was not intended that the number of the days it continued should be limited, but that if the business so required, or within the discretion of the judge, it might last until the beginning of the next term. This has been the construction always given this section of the act of 1901 by the present judge, and his predecessors always construed in the same way the somewhat similar provisions of section 577 of the Revised Statutes (U. S. Comp. St. 1901, p. 476), which section was in force previous to the act of 1901, dividing the state into two districts. It is therefore obvious that the October term at Louisville was in progress during all of last November and December, and the section of the statute above copied makes it unnecessary that it should have been adjourned in order to hold intervening terms at Paducah and Owensboro. But for this section and this construction of it we could not keep

up the work nor conveniently prepare business for the different terms at the various places, nor hear the cases set at different dates for the convenience of parties, nor dispose of the great number of suits, common law, equity, admiralty, bankruptcy, and criminal, coming on to be heard at the various places where courts are held, and of which this judge alone finally disposed of 441 during the year 1909. If we had to call special terms at each place and for each case to be heard at different times, in whole or in part, the system would be insufferably cumbersome and inconvenient, whereas, under the practical construction— and doubtless the proper one—of the section, the work is so distributed over the time as to give no unnecessary inconvenience to any one. We construe the statute to contemplate exactly the reverse of what is contended in respect to it. We hold that it makes the terms at each city named in the act continuous, not expiring until the beginning of the next term at each. We hold that the October term of this court began October 11, 1909, and that by the express provisions of section 10 of the act of 1901 it was not necessary to adjourn it, and that the term had not in fact been adjourned when the indictment in this case was found; although adjournments of its daily sittings took place from day to day in the usual way of courts. We cannot hold that a term here would lapse by reason of terms intervening elsewhere, as that would be in the very teeth of the section and nullify its obvious intent. And so, on November 19, 1909, the court made and entered an order as follows:

"Upon notification by the district attorney that a grand jury will be needed, and it appearing to the court that the summoning of such grand jury is proper, it is hereby ordered that the clerk and jury commissioner do draw, and that the marshal summon, twenty-five good and lawful men having the qualifications prescribed by law to appear in this court on the 29th day of November, 1909, at 10 o'clock a. m., to serve as grand jurors."

This order and the subsequent one, directing the drawing by the clerk and jury commissioner from the box of a few other names for grand jurors, was based upon the provisions of section 810 of the Revised Statutes (page 627, U. S. Comp. St. 1901), which, in part, is as follows:

"No grand jury shall be summoned to attend any circuit or district court unless one of the judges of such circuit court of the judge of such district, in his own discretion, or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. And either of the said courts may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever in its judgment it may be proper to do so."

We are clearly of opinion, under the act of 1901, that there was no necessity for calling a special term under section 581 (page 477) in order to summon and impanel a grand jury. Special terms are authorized but by no means required by that section. The grand jury which found and returned an indictment in this case on December 2, 1909, was impaneled under section 810, which manifestly authorized that course.

In Agnew v. U. S., 165 U. S., at page 44, 17 Sup. Ct., at page 238 (41 L. Ed. 624), it is held "that the defendant must take the first op-

portunity in his power to make the objection." The objection there had reference to the competency of the grand jury. This court has been opened every day since the process in this case was served, except holidays, and upon each of those days the defendant had an opportunity to make objection to the formation and competency of the grand jury which found this indictment. Everything necessary to be known about it has, during all this period, been within easy reach. Instead of making the objection at its first, defendant waited until about its thirty-fifth, opportunity for doing so, and has offered no explanation of the delay.

It is argued that the process served on the defendant required it to answer on the first day of the March term, 1910, and such is the fact; but while, possibly, this may have been so in the Agnew Case also, and most probably was so in the case of Lowdon v. U. S., 149 Fed. 673, 79 C. C. A. 361, no importance seems to have been attached to such possibility in either of those cases. On the contrary, the reasoning of the court there indicated that the rules there announced have reference to opportunity for making objections like those before us, and not to what the process indicates. Objections such as those made here are highly technical and dilatory, and must be made, as the Supreme Court holds, "at the first opportunity," whenever that may be, or else some sound excuse for delay must be presented.

Much testimony was heard in regard to orders of adjournment and when they were entered. We regard these matters as altogether unimportant, not only in view of what we have said in construing section 10 of the act of 1901, but upon other grounds. There was no need for entering an order expressly adjourning the term until after the courts were held respectively at Paducah and Owensboro. The court in fact adjourned in the ordinary way of courts from day to day. No person has any interest or concern in the drawing up of an adjourning order on the day it is made. Such orders are often not drawn up for weeks, and sometimes the delay is unavoidable, as may be indicated by a fact well known to the court that in the pending case of Louisville & Nashville Railroad Company v. Interstate Commerce Commission certain orders were not entered for many days because of the inability of the three circuit judges who are hearing that case to find opportunity for settling the form of the orders. Adjourning orders must be the last entered on a day's proceedings, and many things may occur to delay the actual entry of such orders on the order book or journal. But no person is concerned with this phase of clerical duty, nor can any person be injured by what at most is a mere clerical misprision. For many years the practice here has been not to record daily the orders for adjournment, but to do it near the close of the term.

Upon all these considerations, the court is clearly of opinion that the defendant's first plea in abatement does not meet the requirements of the strict rules applicable to such pleas, and for those reasons that plea is overruled.

The defendant also filed a second plea in abatement, in which are set up matters similar to those which claimed the attention of the court in the case of United States v. American Tobacco Co., 177 Fed. 774. A demurrer to this plea has been filed, and for the reasons stated in the

court's opinion in the case just mentioned, and which was delivered on the 10th inst., the demurrer to the second plea must be sustained. Indeed the views expressed in that opinion are much emphasized by the delay of 43 days in filing the plea in this case as against 19 days in that case. Besides, the second plea itself shows that the defendant had every opportunity to understand that the grand jury was investigating its own books and papers concerning the very transactions out of which the indictment grew, and thus is furnished another reason for prompt action on its part.

The demurrer to the second plea in abatement must be sustained, and the defendant will be ordered to plead to the indictment at or before the calling of the case.