## THE BELLA.

(District Court, D. New Jersey. October 13, 1920.)

1. **Admiralty ⊜⊐93—Interlocutory decree may be vacated after term.**

An interlocutory decree may be vacated at a subsequent term of court.

2. **Admiralty ⊜⊐99—Sale of vessel in rem without notice to owner and for inadequate price may be set aside.**

Sale of a vessel under an interlocutory decree in a suit in rem, brought when the owner was absent from the country and without notice to him, to enforce a claimed lien of which he had no knowledge, set aside, where the vessel, worth $12,000 or more, was sold for $1,560, provision being made to protect the bona fide purchaser from loss.

In Admiralty. Suit by the Morse Dry Dock & Repair Company against the steamship Bella. On petition of Aymar Johnson, claimant, to set aside sale. Granted.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for petitioner.

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Joseph P. Nolan, of New York City, for Charles H. McKinney and W. J. Thompson.

LYNCH, District Judge. The petitioner prays that the sale of the steamship Bella, under an order of this court dated July 6, 1920, be set aside, that the order confirming said sale be vacated, and that the petitioner be permitted to appear and defend the cause of action.

[1] It is asserted that the decree of the court in the matter cannot at this time be vacated, because it was entered at a prior term of court. In support of this assertion a line of cases is cited which hold that judgments and final decrees cannot be vacated or opened at a succeeding term of court. In the instant case the decree which is sought to

be reopened or vacated is an interlocutory decree. The final decree · or judgment has not yet been entered. It is well settled that an interlocutory decree may be vacated at a succeeding term of court. Storey v. Storey (D. C.) 221 Fed. 262, and cases there cited.

[2] Should the petitioner's application be granted? The petitioner purchased the Bella on December 31, 1919, the bill of sale warranting her free of all liens. The affidavits are to the effect that the vessel was worth upwards of $12,000. She was insured for approximately $90,000.

The Morse Dry Dock & Repair Company on June 7, 1920, two weeks after the petitioner had sailed for Europe, filed a libel alleging that it was entitled to the sum of $1,402.72 for wharfage furnished the Bella between November 1, 1918, and April 13, 1920. No bill for this service charge had ever been furnished Johnson, and when he sailed for Europe on May 25, 1920, he had no notice that there was likely to be any proceedings taken against his vessel therefor. During his absence judgment by default was entered and at a marshal's sale the boat was struck off to one W. J. Thompson for $1,560. It also appears that no notice of the proceedings against the vessel or the sale was given to the South American Shipping Company, which sold the vessel to the petitioner, or to any one representing him. When Johnson returned from Europe he learned what had transpired. In his affidavit he states that he was at all times ready to discharge any known liens existing against the vessel and is still ready to do so.

On the present showing there is nothing to indicate that the purchaser at the marshal's sale (Thompson) was not an innocent purchaser. No affidavit has been filed by him, but his proctor stated in open court that the purchase was made in good faith. So the situation, as I view it, at this time is that the libelant caused to be effected a marshal's sale of a vessel worth at least $12,000 for the sum of $1,560, which sum I do not think anybody will contend is an adequate price.

The case of The Sparkle, 22 Fed. Cas. 875, cited in behalf of the petitioner, disclosed a situation almost identical with that now before the court. A vessel worth from $8,000 to $10,000 was there sold for $1,000 and the court said:

"A gross inadequacy of price is also shown. The evidence is that the vessel was worth from $8,000 to $10,000 and she was sold for $1,000. To permit such a sale to stand would be to permit Tuttle [the purchaser] to take an unconscionable advantage of the ignorance of the petitioner in respect to the pendency of any proceedings against this vessel."

This case is quoted with approval by District Judge Thomas in the case of The Columbia (D. C.) 100 Fed. 893. The statement of the proctor for Thompson that the court in The Columbia Case held that it is necessary "to show fraud and abuse of process" does not seem to me to be justified.

It appearing that the court has ample power to grant the relief sought, there does not in my opinion seem to be any reason on the facts for denying it. The conduct of the libelant prior to the suit, the nature and time of bringing about the proceedings, the surprise and the inadequacy of consideration in themselves are deemed sufficient by

me to justify the making of an order in accordance with the prayer of the petition.

Assuming that the purchaser, Thompson, is an innocent purchaser, the bill of sale to him will be canceled, and he will be directed to return the vessel to the petitioner, only upon the petitioner's filing a bond in an amount sufficient to cover the amount paid therefor by him and any amounts expended thereupon for improvements or repairs or the upkeep thereof.