Petition for rehearing denied.

═══════

## Petition of THAMES TOWBOAT CO.

District Court, D. Connecticut. November 4, 1927.

No. 3135.

1. Admiralty ⬉91—Admiralty court may open default in suit for limitation of liability within 60 days after decree to permit damage claimant to file and prove his claim (admiralty rule 39).

A court of admiralty has power, under admiralty rule 39, to open a default in a suit for limitation of liability, under Rev. St. U. S. §§ 4283–4285, as amended (46 USCA §§ 183–185; Comp. St. §§ 8021–8023) within 60 days after decree, to permit a damage claimant to file and prove his claim, and will exercise the power where the interests of justice require it.

2. Courts ⬉65—Fixed term of federal court continues until beginning of next term, in absence of final adjournment.

In the absence of final adjournment, a fixed term of a federal court continues until the beginning of the next term.

In Admiralty. In the matter of the petition of the Thames Towboat Company, owner of the lighter Atlas, for limitation of liability. On motion of John Jalosa, damage claimant, to vacate the decree, open the de-

fault, and permit him to file and prove his claim. Granted.

Oppenheim & Helfant and Silas B. Axtell, of New York City, for claimant.

Park, Mattison & Lynch and Henry E. Mattison, all of New York City, for petitioner.

GODDARD, District Judge. This is a motion by a claimant to open a default, vacate a decree in a limitation proceeding, and permit him to file and prove his claim. The motion was returnable and argued at New Haven on August 30th, 1927. After argument, upon request of counsel, decision was deferred pending negotiations for settlement and the filing of briefs in the event a settlement was not consummated. Settlement has not been agreed upon, and counsel have now submitted briefs.

Prior to the institution of the proceedings for exemption from liability by the Thames Towboat Company, the claimant, John Jalosa, instituted an action against it in the Supreme Court of the state of New York to recover $25,000 for damages alleged to have been sustained by him by reason of injuries alleged to have been received by him on September 21, 1925, as a result of the breaking of a cable attached to a boom which was lowering a "sling" load of lumber that the Thames Towboat Company was unloading from the lighter Atlas at a dock at Long Island City, and, if the allegations in the complaint are true, the claimant sustained serious permanent injuries through the negligence of the Thames Towboat Company. The Thames Towboat Company appeared in the action, and the case was removed by it to the United States District Court for the Southern District of New York and an answer filed. Thereafter these proceedings for the limitation of liability were instituted in this court in accordance with the Limited Liability Act (sections 4283–4285 of the Revised Statutes of the United States; 46 USCA §§ 183–185; Comp. St. §§ 8021–8023), and various acts amendatory thereof; the lighter Atlas being at the time of the filing of the petition at the port of New London, Conn., and the Thames Towboat Company being a Connecticut corporation with a principal place of business at New London.

On June 20, 1927, copies of the usual papers in such a proceeding, with the monition setting forth the date of July 20, 1927, on or before which all claimants must present their claims to the commissioner therein named, were served on Jalosa's attorneys.

On July 23, 1927, the commissioner filed his report, stating that no claims had been presented, and on August 1, 1927, there was served upon his attorneys a copy of the final decree which had been entered on July 23, 1927, restraining Jalosa from proceeding with his action and forever barring his claim. It further appears that the failure of Jalosa's attorneys to file his claim was due to the fact that Rudolph Helfant, of the firm of Oppenheim & Helfant, who had personal charge of Jalosa's claim and suit, was away from his office for some two months beginning July 1st, and that the clerk in his office, to whom charge of Jalosa's matter had been delegated, through oversight, omitted filing the claim or doing anything about it until the copy of the final decree was served. Then, upon discovering the situation, Jalosa's attorneys endeavored to obtain from counsel for the Thames Towboat Company consent to the opening of their default and the filing of Jalosa's claim. Failing in this, they, on August 26th, served notice of this motion to open the default which was returnable on August 30th.

[1] It seems to me that the circumstances are such that in the interest of justice the default should be opened and Jalosa permitted to file and prove his claim, if the court has power to do, and I think that it has this power under rule 39 of the United States Admiralty Rules; the motion having been made returnable August 30, 1927, less than 60 days from the entry of the decree, namely, July 23, 1927, which it sought to vacate. Rule 39 of Rules of Practice for the Courts of the United States in Admiralty and Jurisdiction (promulgated by the Supreme Court December 6, 1920) reads:

"The court may, in its discretion, on motion of the respondent or claimant and the payment of costs, rescind the decree in any suit in which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree had been entered, the respondent or claimant submitting to such further orders and terms in the premises as the court may direct; and the term of the court shall be deemed extended for this purpose until the expiration of such period of sixty days."

[2] It is also to be noted that the term in which the decree was entered had not yet expired. The statute provides " * * * terms of the District Court shall be held at New Haven on the fourth Tuesdays in February and September. * * * " R. S. §

531, 36 Stat. 1108 (28 USCA § 147). In the absence of anything to the contrary, the February term is continuous until the beginning of the next term. In other words, the February term ends on the fourth Tuesday in September. United States v. Louisville & N. R. Co. (D. C.) 177 F. 780; Loewe v. Union Savings Bank (D. C.) 222 F. 342. Thus, on August 30th, the return day of the motion, the court acquired jurisdiction of the matter and control over the decree. In Bronson v. Schulten, 104 U. S. 410, 415 (26 L. Ed. 797), the court states:

"In this country all courts have terms and vacations. The time of the commencement of every term, if there be half a dozen a year, is fixed by statute, and the end of it by the final adjournment of the court for that term. * * * It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court.

"But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them. * * * *"

The motion to open the default and to vacate the decree of July 23, 1927, and to allow Jalosa's claim to be filed and proved, is granted, subject to the condition that there be paid to the Thames Towboat Company the disbursements incurred in enrolling the decree now vacated and counsel fee incidental thereto. Settle order on notice.