### THE THOMAS E. MORAN.

### In re MORAN TOWING & TRANSPORTATION CO., Inc.

District Court, S. D. New York.
Nov. 21, 1932.

Zelenko & Weissman, of New York City, for the motion.

Hatch & Wolfe, Macklin, Brown, Lenahan & Speer, Burlingham, Veeder, Masten & Fearey, Hunt, Hill & Betts, and Valentine & Chichester, all of New York City, opposed.

CAFFEY, District Judge.

A proceeding to limit liability was commenced February 26, 1927. On that day an order was entered staying the prosecution of an action in the state court by Anna Gyse (hereinafter called the claimant) to recover damages alleged to have been suffered in the collision which led to the limitation proceeding. Monition issued the day the limitation petition was filed and all were duly cited to appear on April 5, 1927.

The claimant filed in the limitation proceeding a claim for the damages which she had sought to recover by her state court suit; but she never filed an answer in the limitation proceeding.

On January 15, 1932, a decree was entered, among other things reciting the presentation of the claim by the claimant, noting the defaults of those who had failed to answer and forever barring all those whose defaults had been noted. The decree also forever discharged the petitioner in the limitation proceeding.

. The claimant now moves to vacate (1) the stay order of February 26, 1927, and (2) what is described in the notice of motion as the decree entered "on or about July 9, 1932, which omitted to award a portion of the damages heretofore allowed all of the other claimants in this proceeding, to Anna Gyse." I have examined the entire file and discover no decree entered in this cause on or about July 9, 1932, of the kind mentioned in the notice of motion or of any other character. The last decree contained in the file is that of January 15, 1932, which forever barred the claimant as one of the class who had failed to answer and forever discharged the petitioner in the limitation proceeding.

It does not appear on what day the notice of the present motion was served, but it is dated October 28, 1932, and I shall assume that it was served that day. I shall assume also that the claimant is seeking to vacate the decree of January 15, 1932.

The claimant in effect says that the proctors for the limitation petitioner at all times knew the proper office address of the proctors for the claimant, but failed to give any notice to the latter of the taking of the default of the claimant for failure to answer or of an application therefor or the procuring of the final decree. For the present purpose I shall assume that, in regard to this contention on the part of the proctors for the claimant, they are in all respects correct. Nevertheless, this does not enable the court to vacate the order of February 26, 1927, or the decree of January 15, 1932. The claimant being in default for having failed to answer, the proctors of the claimant were no longer entitled to notice. The Hewitt (D. C.) 15 F. (2d) 857. Moreover, at the time of the service of the present notice of motion, more than ninety days having expired since the order and decree respectively were entered, the court is now without power to vacate them. Id. 15 F.(2d) page 858.

The court has sympathy for the claimant, but there is no way in which, upon the present motion, it can afford relief. If the claimant desires to proceed by libel for review of the decree of January 15, 1932, she should be left free to do so.

Motion denied, without prejudice to a libel for review.