**THE NAVEMAR.**
No. 15102.

District Court, E. D. New York.
Dec. 31, 1936.

648

See, also, 17 F.Supp. 495.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for libelant.

Jesse L. Rosenberg and Lynch, Hagen & Atkins, all of New York City (Horace T. Atkins, and Charles W. Hagen, both of New York City, of counsel), for His Excellency, Fernando De Los Rios, Ambassador of the Republic of Spain.

GALSTON, District Judge.

A decree by default, but after proof submitted by the libelant, having been entered in this cause on December 14, 1936, in favor of the libelant directing the delivery of possession of the steamship Nave-mar to the libelant, the Ambassador of the Republic of Spain, by the Acting Consul General of the Republic of Spain, appearing specially, presents a pleading which has been designated a "suggestion," wherein it is set forth that in October, 1936, the

Consul General of the Republic of Spain at Rosario, Argentina, pursuant to instructions from the General Director of the Spanish Merchant Marine, took possession of the steamship Navemar in the name of the Republic of Spain, under a decree of the Republic of Spain, dated October 10, 1936, whereby the steamship Navemar then and there became, and has since remained, the property of the government of Spain. It is suggested that by reason thereof the steamship Navemar is immune from arrest and not subject to the judicial process of the court. On that suggestion the libelant was called upon to show cause why the default of the respondents should not be opened and why the Ambassador of Spain should not be permitted to appear specially as claimant of the steamer and why the decree heretofore made should not be set aside and vacated.

Admiralty Rule 28 (28 U.S.C.A. following section 723) provides that the court may set aside the default and upon the application of the respondent or claimant admit him to make answer to the libel on such terms as the court may direct.

Though the court is impelled to give a claimant his day in court and equally desirous so far as may be proper of waiving or relaxing the constricting technicalities of practice, nevertheless the broad discretion thus indicated in Admiralty Rule 28 must not be abused. Consequently there should be a substantial showing of a meritorious defense and some explanation too of the reason why the default occurred.

There is a satisfactory explanation given for the latter circumstance. In the supplemental suggestion filed on behalf of the Ambassador of the Republic of Spain it appears that, on being informed of the filing of the libel, he communicated with the Secretary of State of the United States concerning the controversy involved in the libel and that, pending the exchange of communications, it was deemed inadvisable by him to appear in this proceeding.

But a meritorious defense has not been sufficiently set forth.

The suggestion contains the following paragraph: "Third: The said Luis Careaga in his official authority and capacity aforesaid represents to this Honorable Court that in the month of October. 1936, the Consul General of the Republic of Spain at Rosario, Argentina, pursuant to instructions from the General Director of the Spanish

Merchant Marine, took possession of the said Steamship Navemar, in the name of the Republic of Spain under a decree of the Republic of Spain dated the 10th day of October, 1936, whereby the said Steamship Navemar then and there became and at all times since has remained the property of the Government of the Republic of Spain."

There is no allegation in that paragraph nor elsewhere that, at the time that the alleged possession of the steamship Navemar was taken by the Consul General of the Republic of Spain located at Rosario, the vessel was devoted to the public use or employed in carrying on the operations of the Spanish government. Indeed, there is no allegation that the vessel was ever at Rosario, nor any as to when and where the Consul General of the Republic of Spain at Rosario took possession of the steamship. There is nothing stated as to the subsequent use of the vessel by the Republic of Spain. There is nothing set forth concerning the nature of the voyage from any port in Argentina to the port of New York, at which port the vessel was attached under process of this court. Certainly in its present form and substance the suggestion does not meet the tests which have been clearly defined by the United States Supreme Court.

The following authorities are of interest:

In Ex parte Muir, 254 U.S. 522, 41 S. Ct. 185, 65 L.Ed. 383, it appeared that there was a collision between the Gleneden, a British steamship privately owned, and the Giuseppe Verde, an Italian steamship. The Italian owner of the Giuseppe Verde commenced a suit in rem in admiralty against the Gleneden. After the vessel was arrested under the process of the court, private counsel for the British Ambassador in Washington presented to the court a suggestion to the effect that the process under which the vessel was arrested should be quashed and jurisdiction declined because "the said vessel is an admiralty transport in the service of the British government by virtue of a requisition from the Lords Commissioners of the Admiralty, and is engaged in the business of the British government, and under its exclusive direction and control," etc.

The court observed that it was conceded that the Gleneden was not an armed ship of war, that she was not owned by a foreign government but a private corporation, and that in that sense, though she may have been temporarily in the service and under the control of the British govern-ment, the nature and extent of that service and control were left in uncertainty by the proof. The court said: "Merely to allege that the vessel was in the public service and under the control of the British government as an admiralty transport was not enough." ·

It may be observed that in the suggestion under consideration in this cause there is not even the allegation that the steamship Navemar was in the public service or ever had been.

The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 309, 65 L.Ed. 592, is the case of an Italian steamship which carried a shipment from Genoa to New York, and was sued in rem in admiralty to enforce a claim for damage to part of a cargo. The Italian Ambassador presented a suggestion that the ship was owned by the Italian government and that at the time of the arrest was in its possession and therefore not subject to the court's process. Mr. Justice Van Devanter for the court said: "The suggestion was made directly to the court and not through any official channel of the United States. * * * The terms and form of the suggestion show that the Ambassador did not intend thereby to put himself or the Italian government in the attitude of a suitor, but only to present a respectful suggestion and invite the court to give effect to it. He called it a 'suggestion,' and we think it was nothing more. In these circumstances the libelants' objection that, to be entertained, the suggestion should come through official channels of the United States was well taken. Ex parte Muir [254 U.S. 522] 41 S.Ct. 185 [65 L.Ed. 383]."

It may be observed that in the case of The Pesaro the court added: "What the decree should have been if the matters affirmed in the suggestion had been brought to the court's attention and established in an appropriate way we have no occasion to consider now. An opportunity so to present and establish them should be accorded when the case goes back, as it must."

Thereafter, as reported in Berizzi Bros. Co. v. Steamship Pesaro, 271 U.S. 562, 46 S.Ct. 611, 70 L.Ed. 1088, it appeared that the Italian Ambassador to the United States appeared and on behalf of the Italian government specially set forth that the vessel at the time of her arrest was owned and possessed by that government, was operated by it in its service and interest, and therefore was immune from process of the courts of the United States.

To indicate a meritorious defense herein the Republic of Spain, in accordance with the measure of immunity indicated in Berizzi Bros. Co. v. The Pesaro, cited, on this motion should show not merely that the vessel was the property of the Republic of Spain, but also that it was possessed by that government and was operated by it in its service and interest. Otherwise immunity cannot be successfully urged to protect a ship, engaged in the carriage of merchandise for hire, from seizure by judicial process.

. Accordingly, the exceptions of the libelant will be sustained and the motion denied. Permission, however, is granted to the Spanish Ambassador to present another application for leave to appear provided such application conforms to the views hereinbefore set forth.

Settle order on notice.