### AFGHAN MOTOR CO. v. THE M. V. SILVERASH et al.

District Court, S. D. New York.

July 13, 1942.

Hill, Rivkins & Middleton, of New York City, for libelant.

Nicholas J. Healy, 3d, of New York City, for respondents.

GODDARD, District Judge.

Respondents move pursuant to Local Admiralty Rule XIII for an order setting aside an interlocutory decree pro confesso, entered herein on January 5, 1942.

The suit is to recover $650 for alleged damage to cargo shipped on board the M. V. Silverash from the Port of New York to Kabul, India. No process in rem has ever been issued. The libel was filed June 26, 1941. Respondents filed their notice of appearance on August 4, 1941. No answer having been filed the proctors for the libelant on December 12, 1941, communicated with the proctor for respondents and demanded that an answer be filed promptly but none was filed.

On December 30, 1941, libelant's proctors served respondents' proctor with a copy of a proposed interlocutory decree together with a notice of settlement for 11:30 A.M. on January 5, 1942. Proctor for respondents failed to appear on the return day of the decree or to make any objection to its entry, whereupon the decree was signed by a Judge of this court and entered in the office of the Clerk of this court on that day.

Libelant opposes this motion and contends that it is governed by General Admiralty Rule 39, 28 U.S.C.A. following section 723, and that as seventy-two days have expired since the entry of the decree, this court is without jurisdiction to grant the relief. Rule 39 reads: "The court may, in its discretion, on motion of the respondent or claimant and the payment of costs, rescind the decree in any suit in which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree has been entered, the respondent or claimant submitting to such further orders and terms in the premises as the court may direct; and the term of the court shall be deemed extended for this purpose until the expiration of such period of sixty days."

Respondents contend that the court has the necessary jurisdiction and as this is an interlocutory decree, its application is governed by General Admiralty Rule 28 as supplemented by Local Admiralty Rule XIII. Local Admiralty Rule XIII provides, insofar as here relevant, that: "If on the expiration of the time to answer, no pleading or exceptions shall have been filed, the libelant or petitioner may serve notice on the adverse party (if he has appeared) or his proctor that a decree will be entered by default not less than five days after the date when the said notice is served; and on or at any time after the date fixed in the said notice if the adverse party has appeared, or on expiration of the time to answer and without the service of said notice if he has not appeared, the libelant or petitioner may enter an interlocutory or final decree as may be appropriate, and such decree shall not be set aside except on application to the court, and on such terms as the court may impose."

General Admiralty Rule 28 provides: "If the respondent or claimant shall omit or refuse to make due answer to the libel upon the return day of the process, or other day assigned by the court, the court may pronounce him in contumacy and default and thereupon shall proceed to hear the cause ex parte, and adjudge therein as to

law and justice shall appertain. But the court may set aside the default and upon the application of the respondent or claimant admit him to make answer to the libel on such terms as the court may direct."

Respondents contend that General Admiralty Rule 39 relates only to final decrees, whereas General Admiralty Rule 28 relates to interlocutory decrees and therefore, under Rule 28, this court has jurisdiction to grant respondents the relief it seeks.

An examination of these two rules does not shed much light upon the subject. They both appear to relate to the same general question—defaults—but, Rule 28 contains no time limitation and Rule 39 contains a definite time limitation. However, in almost all of the cases cited by libelant, or which I have found, in which motions were made to open defaults were granted final decrees were involved. Petition of Thames Towboat Co., D.C., 23 F.2d 493; The Astorian, 9 Cir., 57 F.2d 85, 86; The Hewitt, D.C., 15 F.2d 857; The Thomas E. Moran, D.C., 2 F.Supp. 40; The Oriental, Fed.Cas.No.10,569(a).

A decree pro confesso in admiralty is not a final decree, and merely authorizes the court to hear the case ex parte, either directly or by reference to a commissioner to ascertain and report the amount due. Phipps v. The Lopez, D.C., 43 F. 95.

General Admiralty Rule 39 appears to apply only to final decrees, since it embodies the general rule that a final decree cannot be altered after the term at which it was entered has expired. Petition of Thames Towboat Co., D.C., 23 F.2d 493; Benedict on Admiralty, 6th Ed., p. 119 and cases cited therein; Pettit v. One Steel Lighter, D.C., 104 F. 1002; see also The Bethlehem, 3 Cir., 4 F.2d 308, 311. Furthermore, in discussing the general application of General Rules 28 and 39, it is stated in 2 Benedict on Admiralty, op. cit. pp. 418, 419: "Therefore, when a defendant has been pronounced in contumacy and default and the libel has been adjudged to be taken pro confesso against him, the court may, in its discretion, set aside the default. That power is to be construed in connection with General Admiralty Rule 39 under which, within sixty days after the entry of the final decree on default, the court, in its discretion, upon motion of the respondent or claimant and payment of costs, may rescind the decree."

On the other hand, General Admiralty Rule 28 appears to apply only to interlocutory decrees, since it embodies the general rule that an interlocutory decree may be entered at another time. The Bella, D.C., 270 F. 287.

The Barge Smith & Terry No. 3, 1926 A.M.C. 926, seems to be the only reported case where it was held that a decree pro confesso cannot be reopened by the defaulting party after sixty days, the court citing both General Admiralty Rules 28 and 39 as its authority. However, in that case, the party seeking to reopen was not the owner of the vessel libeled, but was the United States Government, claiming under a mortgage. Moreover, not enough facts are included in the opinion to compare them with the facts in the case at bar. This motion relates to an interlocutory decree and I think the court has jurisdiction under General Admiralty Rule 28 to grant the relief.

Because of war conditions and the fact that the vessel involved was requisitioned by the British Government, it was not until April, 1942 that proctor for respondents was able to obtain the necessary information for preparing the answer. During the interval between being served with notice of settlement of the proposed decree pro confesso and the date of settlement, the secretary to the proctor for respondents, who had charge of such matters, left his employ and through his own inadvertence, he failed to appear in court on the settlement of the proposed order. But on the afternoon of that day he wrote to the proctors for libelant saying that through oversight he had not communicated with them before the decree was to be entered and asking if it had been, and if so, he wanted to take steps to vacate it. But it was not until April 16th that proctors for libelant replied to his letter and said the decree had been entered by default on January 5th.

It seems to me that in view of all the circumstances and the consideration usually extended to each other by members of the Admiralty Bar, that the proctor for respondents was not wholly at fault in assuming that nothing had been done by the proctors for libelant, which would seriously prejudice his clients' interest. Under these circumstances I think justice will best be served by opening the default.

Motion granted. Settle order on notice.