**In the Matter of the WAGES OF Leonard C. SWOPE.**

**No. 21008.**

United States District Court
N. D. California, S. D.

July 8, 1961.

Laurence E. Dayton, U. S. Atty., Keith R. Ferguson, Sp. Asst. to the Atty. Gen., Jerry W. Mitchell, Atty., Admiralty & Shipping Sec., Dept. of Justice, San Francisco, Cal., for the United States.

Virgil V. Becker, Wilmington, Cal., for respondent.

OLIVER J. CARTER, District Judge.

Pending before the Court is the motion of respondent Leonard C. Swope to set aside and rescind a default decree forfeiting his wages in the sum of $948.57, together with costs, to the Treasurer of the United States for desertion under the provisions of Title 46 U.S.C.A. § 701 and Admiralty Rule 42, 28 U.S.C.A.

The petition on behalf of the United States was filed by the United States Attorney for the Northern District of California on December 1, 1958. The petition alleges that on September 9, 1957, the respondent Leonard C. Swope signed on the USNS Pioneer Valley as Second Assistant Engineer for a foreign voyage which began on September 6, 1957, at Seattle, Washington, and ended on September 26, 1958, at San Francisco, California; that on or about November 3, 1957, at Apra, Guam, respondent left the vessel and remained away from the vessel and did not join her during the remainder of her voyage, all without the permission of the Master; that on November 3, 1957, the Master of the vessel entered the desertion of the respondent in the official logbook of the vessel, and pursuant to 46 U.S.C.A. § 701 the wages of the respondent were forfeited for desertion, and said wages were deposited in the Registry of the court. The petition asked that the Court decree that the wages of the respondent be forfeited to the United States of America, and that the Clerk of the Court be directed to pay the wages so forfeited to the Treasury of the United States pursuant to law. Subsequently and pursuant to order of the Court the depositions of the Master, the Chief Engineer, and the First Assistant Engineer were taken in December, 1958, and January, 1959. On August 11, 1959, personal service of the citation and petition was made on the respondent by the United States Marshal. On January 26, 1960, a motion for default decree was filed by the petitioner,

the United States of America, asking for the entry of a decree confirming the forfeiture of respondent's wages by reason of desertion upon the grounds that respondent had failed and neglected to file an answer or exceptions to the petition of the United States, and that the time within which such answer or exceptions must be filed had expired. The motion was made under Rule 28 of the Admiralty Rules of the Supreme Court and Rule 11 of the Admiralty Rules of the District Court, West's Ann.Code, and upon the entire record, including the depositions of the Master of the vessel, the Chief Engineer and the First Assistant Engineer, and the entry in the official logbook of the vessel, all of which were offered into evidence on Tuesday, February 2, 1960, in open court. On January 26, 1960, the notice of motion for default decree was served by mail by mailing a copy of the motion for default decree and the notice of hearing of the motion, with a copy of the proposed decree attached thereto, to the respondent at his last known address, and to an attorney at law in San Francisco, California. On February 2, 1960, the Court made and entered its decree declaring the respondent to be in contumacy and default and declaring the forfeiture of respondent's wages in the sum of $948.57 by reason of desertion, and directing the Clerk to remit said sum to the Treasurer of the United States for and on account of the fund for the relief of sick and disabled and destitute seamen belonging to the United States Merchant Marine Service. At the time of the decree the United States offered into evidence the depositions heretofore mentioned and the logbook of the vessel, and the records and files in the case.

On April 12, 1960, the respondent filed a motion to vacate, set aside and rescind the default decree under the provisions of Rule 39 of the Admiralty Rules of the Supreme Court, alleging in substance that the default decree had been taken without notice to the respondent. Prior to the filing of this notice and on April 1,

1960, respondent's present attorney wrote a letter to the Clerk of the court stating:

"We are preparing a Motion to rescind a decree in the matter of the wages of Leonard C. Swope in the above entitled case, under Admiralty Rule 39.

"Would you please advise what date this motion can be set for hearing?

"Also, please let us know the date the decree of forfeiture was signed by the Judge, the name of the Judge who signed it, and in what courtroom should our motion be scheduled for hearing?

"We shall greatly appreciate your assistance in these matters.

"Very truly yours,

Virgil V. Becker"

The Clerk under date of April 7, 1960, wrote the following answer:

"In answer to your letter of April 1, 1960, your motion to rescind the decree entered in the above entitled matter may be heard any Monday designated in your motion. If you wish Judge Oliver J. Carter to hear this motion, you should notice it before him in his Courtroom at 10 o'clock a. m. The decree in this case was signed on February 2, 1960.

"Very truly yours,

C. W. Calbreath, Clerk"

The motion to vacate which was filed on April 12, 1960, was accompanied by affidavits and a proposed answer. No such documents were attached to the letter of April 1, 1960. The motion to vacate the default decree came on for hearing on September 8, 1960, and was continued to December 2, 1960. At the hearing on December 2, 1960, the respondent admitted service of the citation and petition and the notice of default, but asked that the letter of April 1, 1960, be considered as a petition to revoke the default decree under the provisions of Admiralty Rule 39. The matter was submitted on briefs, and for the first time in his closing brief respondent suggests that the Court may set aside the default under the provisions of Rule 28 of the Admiralty Rules of the Supreme Court. It is the Rule 28 claim which raises the principal question in this case. It is apparent that respondent has raised the Rule 28 question because of the apparent weakness of his Rule 39 motion. Admiralty Rule 39 provides as follows:

"The court may, in its discretion, on motion of the respondent or claimant and the payment of costs, rescind the decree in any suit in which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree has been entered, the respondent or claimant submitting to such further orders and terms in the premises as the court may direct; and the term of the court shall be deemed extended for this purpose until the expiration of such period of sixty days."

It is patently apparent from the records of this case that respondent cannot come within the provisions of this Rule since his motion to set aside the default decree was not filed until more than sixty days after the entry of the decree. The decree was entered on February 2, 1960, and the motion to vacate was filed on April 12, 1960, a period of some ten days after the sixty-day limitation provided for in Rule 39. Respondent's request that his letter of April 1, 1960, be considered as a motion to vacate under the provisions of Rule 39 is inconsistent with the record. In the first place by its terms it does not purport to be a motion to set aside. It simply indicates an intention to file a motion, which was in fact later filed. In the second place it fails to comply with the requirements of a motion to vacate in that it does not set forth the grounds of the motion, nor does it in any way allege facts upon which such motion could be granted. It is well settled that a motion to set aside a de-

fault decree must set forth the grounds upon which the motion is made and a proposed answer or response setting forth a meritorious defense. See 2 Benedict on Admiralty 419 (6th Ed.); The Navemar, D.C.E.D.N.Y.1936, 17 F.Supp. 647. These requirements were complied with meticulously in the motion filed April 12, 1960, but were not supplied in the letter of April 1, 1960.

Respondent's belated argument made in his closing brief that the Court has the discretion to set aside the default decree under the provisions of Admiralty Rule 28 raises a more difficult question. The apparent conflict between Rule 39 and Rule 28 on the time in which a motion can be made to set aside a default decree has been a vexing, but little discussed problem by admiralty courts. Rule 28 provides:

"If the respondent or claimant shall omit or refuse to make due answer to the libel upon the return day of the process, or other day assigned by the court, the court may pronounce him to be in contumacy and default and thereupon shall proceed to hear the cause ex parte, and adjudge therein as to law and justice shall appertain. But the court may set aside the default and upon the application of the respondent or claimant admit him to make answer to the libel on such terms as the court may direct."

This Rule seems to permit the court to set aside a default upon the application of a respondent or claimant, and to permit an answer to the libel upon the discretion of the court without regard to a time limit, whereas Admiralty Rule 39 places a sixty-day time limit on the power of the court to rescind a decree in admiralty which was entered against the respondent or claimant on account of his contumacy or default. A careful reading of both of these Rules and the cases and authorities construing them would seem to indicate that they serve different purposes. Rule 28 provides that "if the respondent or claimant shall omit or refuse to make due answer to the libel upon

the return day of the process, * * * the court may pronounce him to be in contumacy and default and thereupon shall proceed to hear the cause ex parte, and adjudge therein as to law and justice shall appertain." The last sentence of the Rule provides for setting aside the *default* upon the application of the respondent or claimant so as to permit him to make an answer to the libel, whereas Rule 39 provides that the court may in its discretion "rescind the *decree* in any suit which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree has been entered, * * *" (Emphasis added).

Rule 28 is concerned with setting aside the decree of default, whereas Rule 39 is concerned with the final decree which is made after the default has been entered. Therefore it would seem that Rule 39 places a sixty-day time limit on the power of the court to set aside a final decree which has been entered as the result of a default, whereas Rule 28 permits the setting aside of a decree of default which is interlocutory in nature, and which is made any time before the final decree has been entered. The cases and other authorities considering this problem would seem to support this view.

The case which most clearly discusses this problem is Afghan Motor Co. v. The M. V. Silverash, D.C.S.D.N.Y.1942, 46 F. Supp. 306. There the court was concerned with a motion to set aside an interlocutory decree pro confesso (a default decree), and the argument was made that since the motion was made seventy-two days after the entry of the decree that it could not be set aside under the provisions of Rule 39. At page 308 the court said:

"A decree pro confesso in admiralty is not a final decree, and merely authorizes the court to hear the case ex parte, either directly or by reference to a commissioner to ascertain and report the amount due. Phipps v. The Lopez, D.C., 43 F. 95.

"General Admiralty Rule 39 appears to apply to final decrees, since it embodies the general rule that a final decree cannot be altered after the term at which it was entered has expired. Petition of Thames Towboat Co., D.C., 23 F.2d 493; Benedict on Admiralty, 6th Ed., p. 119 and cases cited therein; Pettit v. One Steel Lighter, D.C., 104 F. 1002; see also The Bethlehem, 3 Cir., 4 F. 2d 308, 311. Furthermore, in discussing the general application of General Rules 28 and 39, it is stated in 2 Benedict on Admiralty, op. cit. pp. 418, 419: 'Therefore, when a defendant has been pronounced in contumacy and default and the libel has been adjudged to be taken pro confesso against him, the court may, in its discretion, set aside the default. That power is to be construed in connection with General Admiralty Rule 39 under which, within sixty days after the entry of the final decree on default, the court, in its discretion, upon motion of the respondent or claimant and payment of costs, may rescind the decree.'

"On the other hand, General Admiralty Rule 28 appears to apply only to interlocutory decrees, since it embodies the general rule that an interlocutory decree may be entered at another time. The Bella, D.C., 270 F. 287."

See also: United States v. One 1941 Chrysler Sedan, etc., D.C.E.D.Ky.1942, 46 F.Supp. 897, 898; Colonial Press of Miami, Inc. v. The Allen's Cay, 5 Cir., 1960, 277 F.2d 540, 542; 2 Benedict on Admiralty (6th Ed.) 418, 419.

■ If the decree which respondent seeks to set aside is final he is barred by the provisions of Rule 39. In this respect the decree first declares "that respondent Leonard C. Swope be and he hereby is pronounced to be in contumacy and default with respect to the petition herein;" and further "that the forfeiture of the wages in the amount of $948.57 deposited in the Registry herein by reason of the desertion of respondent Leonard C. Swope be and it hereby is confirmed, * * *" and "that the Clerk remit to the Treasurer of the United States for the account of the fund for the relief of sick and disabled and destitute seamen belonging to the United States Merchant Marine Service the full amount on deposit in the Registry herein, towit $948.57 * * *." This latter portion of the decree was made upon the finding of fact after the taking of evidence that the respondent had deserted from the vessel, and that there were then wages due the respondent in the amount indicated which were on deposit in the Registry of the Court. The decree purported to finally dispose of the whole controversy. In these circumstances it is apparent that the decree of the Court was a final decree of libel against the respondent on account of his contumacy and default. 3 Benedict on Admiralty 125 (6th Ed.) sets forth the distinction between final and interlocutory decrees as follows:

"The decree made upon the hearing may be interlocutory or final. It is final when it disposes of the whole controversy, and leaves nothing further for the court to do in the cause, as when the libel is dismissed with costs or without costs, or there is a decree for a sum certain, with or without costs. But when by the decree something still remains to be done by the court, before all the rights of the parties in the premises are fixed and the recovering party has an order for execution, then the decree is interlocutory, however much it may dispose of the merits of the cause."

This conclusion places the respondent squarely within the provisions of Rule 39, and leaves the Court without discretion to set aside the decree of February 2, 1960. This conclusion makes it unnecessary to discuss the question of whether or not the Court should exercise its discretion favorably to the respondent under the circumstances of this case if a discretionary question were presented.

It is therefore ordered that respondent's motion to set aside the decree of February 2, 1960, be and the same is hereby denied.