## WILSON MOTOR CO. v. UNITED STATES.
### No. 8618.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1936.

Fred C. Brown of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Owen P. Hughes, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court, declining to entertain an innocent owner's petition, based upon the provisions of section 204 (a) of the Act of August 27, 1935 (27 U.S.C.A. § 40a (a), for remission or mitigation of the forfeiture of an automobile condemned under the provisions of sections 1440 and 1441, 26 U.S.C.A. The Act of August 27, 1935, conferring the power to act on the innocent owner's petition was passed after the seizure but before the decree of forfeiture.

On April 16, 1935, the agents of the Alcohol Tax Unit seized a Ford Coach automobile, within an inclosure containing a distillery being operated without the bond required by law and in violation of the laws of the United States. The automobile contained a quantity of solder and 800 pounds of sugar, used and intended to be used in the manufacture of tax-unpaid illicit liquors at the distillery. One Amico Chiola was one of the defendants arrested for the operation of the illicit distillery.

On July 30, 1935, appellee filed a libel of information in the District Court, seeking the condemnation and forfeiture of the automobile under sections 1440 and 1441, 26 U.S.C.A.

On September 26, 1935, the claimant Wilson Motor Company, a corporation, appellant here, filed its petition seeking the remission or mitigation of the forfeiture under section 204, subsection (a), of the Act of August 27, 1935 (section 40a, (a), 27 U.S.C.A.). The petition alleged that on October 4, 1934, the claimant sold the automobile to Amico Chiola, who executed and delivered to claimant his note and mortgage on the automobile as security for the unpaid balance of the purchase price; that claimant was the present owner and holder of the note and mortgage upon which there was an unpaid balance in the sum of $500, and that Amico Chiola was in default in the monthly payments on the note and mortgage; and that claimant sold the automobile in good faith and had no knowledge or reason to believe that the automobile would be used in violation of the laws of the United States or that Amico Chiola had a record or reputation for violating the liquor laws of the United States or of the state of Washington.

On February 28, 1936, the District Court entered a decree of condemnation and forfeiture. On March 13, 1936, the petition of claimant Wilson Motor Company, seeking a remission or mitigation of the forfeiture, came on for hearing upon a stipulation of the facts. The District Court on March 13, 1936, denied the petition upon the ground that the Act of August 27, 1935, was not retroactive and did not apply to pending cases.

Appellee concedes that if the Act of August 27, 1935, applies, the order must be reversed. This is the only question presented by the appeal.

The United States acquired the ownership of the automobile by virtue of the decree of condemnation on February 28, 1936. The Congress is, in a proper sense, the alter ego of the United States in determining the disposition of the property of which it is the proprietor. The Congress may give away its property, as it did millions of acres of swamp and overflowed lands to the states, and other large territories, to sailors and soldiers, railway corporations, and universities. This is not a case where, by a purported procedural change, a private person is deprived of a vested property right in violation of the Fifth or Fourteenth Amendments.

The question here is whether the Congress intended to change the procedure under 26 U.S.C.A. § 1661 by which the United States had theretofore divested itself of its title in a condemned automobile

and returned it to its owner, to that under the Act of August 27, 1935, under which after the decree of forfeiture the court was designated as the tribunal for its exercise. The provisions of the latter act are as follows:

"§ 204. (a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have *exclusive jurisdiction* to remit or mitigate the forfeiture. [Italics supplied.]

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." Act of August 27, 1935, c. 740, § 204 (a) (b), 27 U.S.C.A. § 40a (a) (b).

It defies common sense to suppose that the Congress intended in enacting the provisions for these forfeitures of vehicles that an obligation was imposed on great automobile companies, having tens of thousands of automobiles operating throughout the whole United States on conditional sales contracts, to follow each one of them and prevent the purchaser from violating the prohibition or revenue laws, failing in which they irrevocably forfeited the automobile. Or that an obligation rested on the California owner so disposing of his car to assume such responsibility for its conduct in the states of Washington or New York.

The government's brief advises that prior to the Act of August 27, 1935, the procedure of the government to afford relief to these innocent owners was under the provisions of compromise powers given the Attorney General and the Treasury under section 1661, 26 U.S.C.A. The brief cites cases in which this procedure was recognized. Having this practice of the government in view, the solution of the question is found in the provision of section 204 (a) as follows: "Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle [etc.] * * * the court shall have *exclusive* jurisdiction to remit or mitigate the forfeiture."

The use of the word "exclusive" is significant. Congress thereby recognizes that relief had been given previously to the innocent owners by a procedure before other agents of the government who are now deprived of that jurisdiction after a decree of forfeiture.

We are not here holding that section 204 (a) is the repeal of a statute, which repeal has the effect to release or extinguish a forfeiture incurred under the statute, prohibited under section 29, 1 U.S.C.A., as follows: "§ 29. *Repeal of statutes as affecting existing liabilities.* The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. (R. S. § 13.)"

A remedial statute of this character should be liberally construed in favor of the objects of its beneficence. Guardian Trust & D. Co. v. Fisher, 200 U.S. 57, 69, 26 S.Ct. 186, 50 L.Ed. 367. The mere transfer of the procedure whereby the forfeiture may be remitted in favor of the unoffending owner from one set of United

States officers to another is not a repeal of this prior beneficent privilege, which the government's brief admits existed under the former legislation and practice of the government officials. The fact that this procedural change may confer an advantage on the appellant is no more an objection to its application to existing litigation than is the enlargement of a period of limitation of time within which suit may be brought on an existing claim, or a change in the law of evidence or extension of time to appeal, beneficial to one of the parties in litigation initiated prior to the enactment of the law making the change.

We therefore hold that the Congress in enacting section 204 (a) on August 27, 1935, intended that its provisions should be exercised by the court in a proceeding in which an automobile was forfeited to the government by its decree given on February 28, 1936.

Reversed.