## UNITED STATES v. ONE CHRYSLER TOURING SEDAN.

No. 3957.

District Court, M. D. Pennsylvania.
Oct. 9, 1936.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the United States.

R. L. Coughlin and David T. Davis, Jr., both of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is an innocent owner's petition by the Commercial Credit Company, based upon the provisions of section 204 (a) of the Act of August 27, 1935 (27 U.S.C.A. § 40a (a), for remission or mitigation of the forfeiture or proposed forfeiture of an automobile seized by the Constabulary of Pennsylvania in connection with the arrest of one Michael Tramantan for violation of the United States Internal Revenue Laws relating to liquor, and by the Constabulary of Pennsylvania turned over to the United States Law Enforcement Officers of the City of Wilkes Barre. Upon the petition a rule was granted upon the United States attorney and Internal Revenue Department to show cause why an order should not be entered remitting and mitigating the forfeiture or proposed forfeiture of the automobile.

The petition alleges that the automobile was seized on or about July 5, 1936. On August 10, 1936, the petition for remission or mitigation was filed.

630

On September 18, 1936, the United States of America, by the United States attorney for this district, filed a libel of information seeking the condemnation and forfeiture of the automobile under section 1441, 26 U.S.C.A.

■ Section 204 (a) of the Act of August 27, 1935, (27 U.S.C.A. § 40a (a), under the provisions of which the petition was filed, provides: "Jurisdiction of Court. Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture."

At the time this petition was filed no forfeiture had been decreed, nor had a forfeiture been proposed. It is plain that this court was without jurisdiction to entertain the petition.

The petitioner insists that, under the decision in Wilson Motor Company v. United States (C.C.A.) 84 F.(2d) 630, 633, this court should entertain the petition. In the Wilson Motor Company Case, the petition for remission or mitigation of the forfeiture was filed after the libel was filed, and was heard after the decree of forfeiture; whereas, in the present case, the petition for remission or mitigation of the forfeiture was made before a libel was filed and before any forfeiture was proposed. When the petition in this case was filed, the court had not acquired any jurisdiction whatever of the automobile. The Wilson Motor Company's Case did not decide that the District Court should entertain a petition for remission or mitigation of the forfeiture before a decree of forfeiture, but did decide only that, "The Congress in enacting section 204 (a) on August 27, 1935, intended that its provisions should be exercised by the court in a proceeding in which an automobile was forfeited to the government by its decree given on February 28, 1936," although the automobile was seized prior to August 27, 1935.

■ The petition of the Commercial Credit Company must be dismissed, but the petitioner is not left without a remedy. The petitioner here should, in the first instance, put in its claim upon oath, averring in positive terms its proprietary interest, as required by the Admiralty Rules (rule 25, 28 U.S.C.A. following section 723). These may be excepted to by the government if the claimant's locus standi is questioned

and a hearing had. United States v. Four Hundred Twenty-two Casks of Wine, 1 Pet.(26 U.S.) 547, 7 L.Ed. 257. If the question of claimant's right to appear is determined in favor of the claimant, then the claimant may, if and when the forfeiture is decreed, proceed with its petition for remission or mitigation of the forfeiture. This is the proper procedure and should be followed.

The rule to show cause granted August 10, 1936, is discharged, and the petition of the Commercial Credit Company is dismissed.