### C. I. T. CORPORATION v. UNITED STATES.

### No. 4079.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

312

John D. Carr, of Roanoke, Va., and Joseph G. Myerson, of New York City (Geo. S. Shackelford, Jr., of Roanoke, Va., on the brief), for appellant.

Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va. (Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and William W. Barron, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and GLENN, District Judge.

SOPER, Circuit Judge.

The District Court in this case denied the claim of the C. I. T. Corporation for the remission of the forfeiture of an automobile which had been seized by federal officers and libeled for forfeiture under Rev. St. § 3450, 26 U.S.C.A. § 1441, by the United States attorney on April 25, 1935, on the ground that it had been used on February 27, 1935, for the unlawful transportation of distilled spirits upon which the tax had not been paid. The claim for remission was filed after the seizure and before the decree of forfeiture.

The car was sold on May 8, 1934, by the Mercer Garage of Bluefield, W. Va., to Joe Houston for $773, of which the purchaser paid $227, and for the balance executed a conditional sales contract for the payment of eighteen monthly installments beginning June 25, 1934, providing that the failure to pay any installment when due would mature the remaining installments. The agreed payments were made until February 25, 1935, at which time the balance due was $300. On the day that the contract was executed, it was assigned for a valuable consideration to the C. I. T. Corporation so that it became entitled to possession of the car when the purchaser subsequently made default.

The evidence tended to show the following additional facts: The C. I. T. Corporation at no time had any actual knowledge that the automobile was being used or would be used in violation of any law, state or federal. Joe Houston, the purchaser, had no criminal record and no reputation as a violator of the laws relating to intoxicating liquor. He was in fact an assistant foreman for the Pocohontas Fuel Company and had been a steady worker in this capacity for a number of years. He resided, however, in the same house as one Fred Trump, who was driving the car in violation of the law when it was seized. Trump had a criminal record and a reputation as a violator of the liquor laws. He frequently drove the car, and had made certain of the payments thereon. At the time of the purchase of the contract, the manager of the branch office of the C. I. T. Corporation made an investigation of Joe Houston through a savings institution which had made similar investigations during the preceding five years and received a good report, but no inquiry was made of the law enforcement officers.

The court found that Houston did not have a reputation as a law violator; but that if any inquiry had been made as to Houston after the purchase, it would have shown the relationship between him and Trump and the use of the car by the latter, and would have led to the belief that the car was being used for illegal purposes.

The documents used in the conditional sales agreement were executed upon forms furnished by the C. I. T. Corporation, which included a statement to be made by the purchaser wherein the following question appeared: "Have you ever used a car or do you intend to use above car to transport alcoholic beverages, or have you had any difficulty respecting prohibition or enforcement laws?" The answer to this question was left blank. In the same paper the purchaser expressly authorized the seller, or his

assigns, to make any investigation concerning him and concerning the inquiries propounded in the statement.

The claimant's case is based upon section 204 of the Liquor Law Repeal and Enforcement Act of August 27, 1935, 49 Stat. 878, 27 U.S.C.A. § 40a which is in part as follows:

"§ 40a. Remission or mitigation of forfeiture of vehicle or aircraft; possession pending trial.

"(a) Jurisdiction of court. Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) Conditions precedent to remission or mitigation. In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

■ This statute did not go into effect until after the car had been seized and the libel for forfeiture had been filed, and on this account the District Judge held that the terms of the statute were not applicable to this case. He was of the opinion that it did not appear from the words of the statute that Congress intended it to be retroactive in effect, and hence that it should be deemed prospective only in accordance with the usual rule of statutory interpretation. The contrary conclusion was subsequently reached in Wilson Motor Co. v. United States (C.C.A.9) 84 F.(2d) 630, which held that as the statute was remedial in character, and merely affected a change of procedure, substituting the judge for other governmental officers to pass upon claims for remission of forfeiture, it should be liberally construed so as to provide the adequate remedy intended in favor of the objects of its beneficence. Guardian Trust & Deposit Co. v. Fisher, 200 U.S. 57, 69, 26 S.Ct. 186, 50 L.Ed. 367. Reference was made to the power of Congress to compromise any civil or criminal case arising under the internal revenue laws previously lodged in the Commissioner of Internal Revenue with the consent of the Secretary of the Treasury and the Attorney General under 26 U.S.C.A. § 1661. We may also refer to Rev.St. §§ 3460 and 3461, 26 U.S.C.A. § 1624, providing for the remission by the Secretary of Treasury of forfeiture of articles appraised at $500 or less seized for violation of the internal revenue laws, and section 709 of the Act of May 29, 1928, 26 U.S.C.A. § 1626, making the statutory provisions concerning remission or mitigation by the Secretary of the Treasury of forfeitures under the customs law applicable to forfeitures incurred under the internal revenue laws; for example, section 618 of the Tariff Act of 1922, 19 U.S.C.A. § 532, relating to the remission or mitigation by the Secretary of the Treasury of forfeitures of vehicles or merchandise seized for violation of the customs laws. In such case, the secretary, if he finds that the forfeiture was incurred without willful neglect or intent to violate the law on the part of the claimant, or should find such mitigating circumstances as would justify remission or mitigation of the forfeiture, may remit or mitigate the same upon such terms as he deems reasonable. We agree with the Ninth Circuit that it was the intent of Congress by the enactment of section 204 (a) of the Act of August 27, 1935, 27 U.S.C.A. § 40a(a), to withdraw from the officials named in the above sections, the power to remit or mitigate the forefeiture of a vehicle or aircraft seized for violation of the

internal revenue laws in regard to liquors, and to confer exclusive jurisdiction over the same upon the court in which any proceeding for forfeiture is filed.

The Act of August 27, 1935, provides that the court shall have exclusive jurisdiction to remit or mitigate a forfeiture whenever in any proceeding for the forfeiture of a vehicle seized for violation of the internal revenue laws relating to liquors a forfeiture is decreed. Before the forfeiture of the car in the instant case was decreed, the statute had been passed, and hence it was not necessary to apply it retroactively in order to make it available to the claimant. We think, therefore, that the court had the power to remit or mitigate the forfeiture if it found that the claimant had met the conditions which the statute imposed.

These conditions are that the claimant shall prove (1) that he has an interest in the vehicle which he acquired in good faith; (2) that he had at no time any knowledge or reason to believe that the vehicle was being or would be used in the violation of laws relating to liquor, state or federal; and (3) that if the claimant's interest in the vehicle arises out of a contract with any person having a record or reputation of violating such law, the claimant, before acquiring his interest, had made inquiry of the law enforcement officers of the locality in which the other person had acquired his right under the contract and of the locality of the other person's residence, and of each locality in which the claimant has made inquiry as to the other person's character and financial standing, and had been informed that such other person had no such record or reputation.

The first and third conditions were met in this case for the claimant had acquired a lien upon the car in good faith and for a valuable consideration, with the right to collect the deferred payments, and as the court found, the claimant's interest did not arise out of an agreement with another person who had a record or reputation for violation of the liquor law; and it was therefore not incumbent upon it under the statute to make an inquiry as to the previous record or reputation of such other person. But it does not follow that the claimant might shut its eyes to facts which in the course of the transaction came to its attention. The interrogatories prepared by the claimant itself to be answered by the purchaser of the car, as we have seen, included one with reference to the possible illegal use of the car, inserted of course in order to safeguard the claimant against the possible forfeiture of the property. But the purchaser failed to answer the question, and in our opinion, it thereupon became the duty of the claimant to make inquiry and ascertain why the question was not answered and to investigate all other circumstances surrounding the purchaser and his occupation which might throw light upon the possible use of the vehicle. The court found that had such an inquiry been made, the claimant would have had reason to believe that the car would be used for improper purposes, and since there was evidence to justify this finding, the claimant failed to prove, as required by the second condition of the act, that it had no reason to believe that the vehicle would be used for unlawful purposes. The refusal of the District Court to remit the forfeiture must therefore be sustained.

It is suggested by the claimant that the act was passed at the instance of the finance companies to protect liens acquired by them in good faith and to secure for them a more favorable treatment than had been accorded in the administration of the other statutes above cited by officials of the Treasury Department. It is said that the purpose of the act was to accord to an innocent lienor a measure of the protection which he had formerly enjoyed in proceedings for forfeiture under section 26 of the National Prohibition Act, 27 U.S.C.A. § 40, and that Congress did not intend to impose upon the lienor the duty to make an investigation of the purchaser of a car except such as would ordinarily be made in an extension of credit and except as indicated in the third condition of the statute. It is not necessary in the pending case to discuss or to decide these questions. We do not mean to suggest by this decision that a lienor has the affirmative duty to inquire save as expressly provided in the act itself. Nor do we mean to say that the District Court has an unrestricted discretion to refuse mitigation or remission of forfeiture even although the conditions of the statute are met; or, on the other hand, that the District Court may not make some mitigation short of full remission of forfeiture if the conditions of the act are met and the surrounding circumstances make it reasonable to reach such a conclusion.

Affirmed.