**BEAUDRY v. UNITED STATES.**

No. 8326.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1937.

R. Emerson Gardner, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., both of Atlanta, Ga.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal raises the question whether section 204 of the Act of Aug. 27, 1935, 27 U.S.C.A. § 40a,[1] giving the courts jurisdiction to remit their decrees of forfeiture for violation of the internal revenue laws, can be availed of where judgment of forfeiture was had before the act was passed, but was suspended by an appeal, and remission was sought promptly after its affirmance.

The United States filed a libel against an automobile for violation of R.S. § 3450 (26 U.S.C.A. §§ 1156, 1441). Ernest G. Beaudry claimed it, and replevied it by giving bond for its appraised value. He set up that he was an innocent lienor by retention of title, and had no notice that the purchaser would use the car illegally; that purchaser fraudulently representing himself to be a person of well-known respectability, whose name he forged to the contract of conditional sale. Judgment that the automobile was guilty and forfeited and for a recovery on the bond was rendered June 22, 1935. An appeal with supersedeas was allowed July 12, 1935. Judgment of affirmance,

---

[1] 27 U.S.C.A. § 40a: "(a) Jurisdiction of court. Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) Conditions precedent to remission or mitigation. In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves," etc.

Beaudry v. United States (C.C.A.) 79 F.(2d) 650, was given and the mandate made the judgment of the District Court November 23, 1935. On December 16, 1935, the petition for remission of the forfeiture was presented and rule nisi issued on it. A motion to dismiss was made by the United States on several grounds. The court sustained the ground that the Act of Aug. 27, 1935, could not be retroactively applied, thus holding in effect that the court was without jurisdiction.

The act has been held remedial and to be liberally construed, intended to substitute relief before the court which decreed the forfeiture for that previously provided through the Secretary of the Treasury and others; and it was applied in cases pending at its passage. Wilson Motor Co. v. United States (C.C.A.) 84 F.(2d) 630; C. I. T. Corporation v. United States (C.C.A.) 86 F.(2d) 311.

 In the present case it is argued that the judgment of forfeiture had been rendered before the act was passed, and that the proceeding was ended. We do not think so. The appeal superseded the judgment, and the judgment had not been carried into effect. It stood unexecuted after the mandate of affirmance was entered, and when the petition for remission was filed. The proceeding for forfeiture was still active. The new statute apparently operated from its date to prevent any application to the Secretary of the Treasury or any one else for relief from the forfeiture. It was its evident aim to provide for relief in the cases it covered rather than to deny it by any sort of hiatus between the new and the old remedies. Under the former law cited by the District Judge, 19 U.S.C.A. § 1618, made applicable by 26 U.S.C.A. § 1626, application could be made to the Secretary of the Treasury after judgment of forfeiture and until the sale or other final disposition of the forfeited property. See, also, 26 U.S.C.A. § 1342(a) (1) as to the function of the Attorney General. The new act names no limit of time for relief under it, and we think no stricter limit is to be implied. No application had ever been made and denied under the old law. The remedy under the new is available.

Another ground of the motion is that the court no longer has the property in its control. But it has the bond which was given in its stead. A remission of the forfeiture would release the bond and have full operation in that way.

The ground of the motion which asserts that the facts have been presented in the forfeiture case and adversely adjudicated is without merit. They were presented there to show that no forfeiture had been incurred and were found insufficient. Now, conceding the forfeiture, they are for the first time presented as sufficient to warrant the grace of remission. This question was not raised, was not as the law then stood capable of being raised, before the judgment of forfeiture. Whether under the new statute it can be tried along with the question of forfeiture we have no occasion to decide. In the cases cited above, it was pleaded before the forfeiture was adjudged but decided afterwards.

Whether on the merits the petition presents a case for remission we do not decide, the District Court not having considered that question and the parties not having argued it here.

The judgment is reversed, and the case remanded for further proceedings not inconsistent herewith.

Reversed.