## UNITED STATES v. ONE 1939 FORD COACH AUTOMOBILE.

District Court, W. D. Virginia.
July 21, 1939.

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Howard Gilmer, Asst. U. S. Atty., of Pulaski, Va.

Henry A. Dudley, Jr., of Roanoke, Va., for claimant finance company.

DOBIE, District Judge.

This case was a petition for the remission (under 27 U.S.C.A. § 40a) of the forfeiture (under 26 U.S.C.A. § 1441) of an automobile which had been unlawfully used for the removal of untaxed spirits.

At the conclusion of the petitioner's evidence, the United States moved for judgment in its favor and against the petitioner, the Commercial Credit Company, Incorporated. This motion was granted by the court.

■ Under the remission statute the petitioner must prove: "(1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor". There is also a third conditional requirement in the remission statute which need not be mentioned here. Even if the statutory requirements are completely satisfied by the petitioner, relief by remission of the forfeiture is still not mandatory but is discretionary with the court. United States v. One 1936 Model Ford De Luxe Tudor Automobile, D.C.Ga., 1938, 22 F.Supp. 507; United States v. One Ford Coach Automobile, Motor No. 18—2396048, D.C.Va., 1937, 20 F.Supp. 44. And there were considerations which in this case might well have prompted the court to deny the relief sought, even had all the statutory conditions been completely fulfilled, though the motion of the United States for judgment in its favor is not placed on this ground.

■ Petitioner here was the assignee for value of a conditional sale contract between Wiley-Hall Motors, Inc. (seller), and David George and S. W. Smith, buyers of the automobile in question. Ordinarily, it seems, this would constitute a sufficient interest in the petitioner to satisfy (1) of the remission statute. United States v. One 1936 Model Ford V—8 De Luxe Coach, Motor No. 18—3306511, D.C.S.C., 1937, 19 F.Supp. 470, affirmed, 4 Cir., 1938, 93 F.2d 771. And petitioner, in the petition for remission of the forfeiture, predicated its right to remission solely upon its interest under this contract; so that no other contract was before the court.

■ But the petitioner's own uncontradicted evidence clearly showed that (subsequent to the assignment of the conditional sale contract to the petitioner) the buyers of the automobile gave notice to the petitioner's agent that federal officers were after these buyers for the unlawful removal of untaxed liquor in the automobile and that the buyers would probably be unable to keep up payments. Petitioner then repossessed the automobile and delivered it to the seller; whereupon the seller paid up the petitioner in full the money paid by petitioner for the assignment of the contract of conditional sale of the automobile. Thereupon all interest of the petitioner in the automobile acquired by the petitioner under the assignment of the contract of conditional sale of the automobile absolutely expired. And, as has been pointed out, this contract was the only one before the court. Accordingly, petitioner could not then satisfy condition (1) of the remission statute as one having an interest in the automobile.

It would seem to follow, then, that the only interest petitioner could have in the automobile in question would be under a new contract (express or implied) arising out of (and in connection with) the repayment by the petitioner to the seller of the amount previously paid by the seller of the automobile to the petitioner. But at the time of this repayment the petitioner clearly had notice of the use of the automobile in violation of the federal liquor laws; and hence the petitioner could not possibly satisfy (2) of the remission statute.

308

In the light of these views, it would seem that no other proper course of action was open to the court save to sustain the motion of the United States for judgment in its favor, denying the petitioner's request for a remission of the forfeiture.