## UNITED STATES v. ONE 1941 CHRYSLER SEDAN AUTOMOBILE MOTOR NO. C28—17313.

### No. 232.

District Court, E. D. Kentucky, Lexington.

Oct. 13, 1942.

John T. Metcalf, U. S. Attorney, of Lexington, Ky., for plaintiff.

Troy D. Savage, of Lexington, Ky., for defendant.

FORD, District Judge.

This is a libel proceeding for the forfeiture of an automobile alleged to have been used for the removal, deposit and concealment of a large quantity of materials intended for use in making illicit liquor, in violation of the Internal Revenue laws of the United States. 26 U.S. C.A. Int.Rev.Code, § 3321. The automobile was seized by investigators of the Alcohol Tax Unit on January 23, 1942. This proceeding was instituted on February 12, 1942, and on the following day the automobile was attached by the Marshal and held in his custody in a public garage in Lexington, Ky., with a copy of an order of the Court attached to it giving notice to all persons having claims against it to appear and present their claims before the Court at Lexington on the 4th day of March 1942. It further appears that, by order of the Court, in compliance with Admiralty Rule 10, 28 U.S.C.A. following section 723, the Marshal published the same notice in a newspaper.

No person having appeared to assert claim to the property, a final decree was entered on March 14, 1942, forfeiting it to the United States.

On June 27, 1942, Sadie Martin, wife of the man charged with the illegal use of the automobile, moved the Court to vacate and set aside the decree and tendered her intervening petition asserting her ownership of it and denying that it was used illegally at the time it was seized or that it had been used at any time for an illegal purpose, to her knowledge or with her consent.

It is insisted by the Government that the procedure in cases of this character is governed by the Admiralty Rules, of which Rule 39 empowers the Court to reopen or vacate a final decree only "within sixty days after the decree has been entered". The movant, Sadie Martin, contends that, if the Admiralty Rules are applicable, Rule 28, thereof authorizes the Court to set aside a default decree at any time. The Supreme Court did not prescribe two rules to govern the same situation. Admiralty Rule 28 applies only to interlocutory orders and Rule 39, with its sixty-day limitation, is controlling in respect to motions to vacate final decrees. Afghan Motor Co. v. The M. V. Silverash et al., D.C.S.D.N.Y. July 13, 1942, 46 F.Supp. 306.

The Internal Revenue Code (26 U.S.C. A. § 3723) provides that "The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem * * *", and it has been held that " * * * the general rules of pleading in regard to admiralty suits in rem apply to a suit in rem for a forfeiture, brought by the United States, after a seizure on land", Coffey v. United States, 116 U.S. 427, 435, 6 S.Ct. 432, 436, 29 L.Ed. 681, but in the case of 443 Cans of Frozen Egg Product v. United States, 226 U.S. 172, 183, 33 S.Ct. 50, 53, 57 L.Ed. 174, it is said: "We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process in rem, then giving the case the character of a law action * * *." Relying upon this and other authorities, the movant contends that the present procedure in this case should follow the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, of which Rule 60(b) provides:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * *"

It seems quite apparent from the wording of this rule that it was not designed to apply to proceedings "in rem" for by its terms it affords relief only to "a party" from a judgment taken against "him". The movant was neither a party to this proceeding nor was any judgment or other order taken against her. No summons or other process was served or required to be served upon her.

While a libel proceeding under the Internal Revenue laws in respect to the form of pleading and other initial steps bears a close resemblance to an admiralty suit in rem, and in other respects is like an ordinary civil action, it is, in reality, neither of them. It is a statutory proceeding which is distinctly sui generis. Eureka Productions v. Mulligan, 2 Cir., 108 F.2d 760. To secure relief from a decree of forfeiture in such a proceeding, resort to neither analogous civil procedure nor to rules of admiralty is necessary. By Act of August 27, 1935, 18 U.S.C.A., § 646, Congress made provision for relief to innocent owners and claimants by authorizing the Court, upon prescribed conditions, to grant remission or mitigation of such forfeitures. The nature of this legislation seems clearly indicative of the intention of Congress to preclude the granting of the same or similar relief upon any other conditions or through any other mode of procedure. The intervening petition tendered by Mrs. Martin, does not allege that she acquired her interest in the forfeited automobile "in good faith" or that she at no time had "reason to believe that it was being or would be used in violation of the laws of the United States or of any State relating to liquor", and in other respects it falls short of showing facts entitling her to remission of the forfeiture under the statute.

The motion to set aside and vacate the decree and permit the filing of the intervening petition should be denied. Let an order be entered in conformity herewith.