**UNITED STATES of America**
v.
**ONE 1951 CHEVROLET SEDAN,
Motor No. JAM 406866.**

United States District Court,
S. D. New York.

Feb. 1, 1955.

J. Edward Lumbard, U. S. Atty., New York City, Robert Rubinger, Asst. U. S. Atty., New York City, of counsel, for the United States.

George A. Brooks, New York City, Edward W. Horne, New York City, of counsel, for defendant General Motors Acceptance Corp.

DIMOCK, District Judge.

This is a motion by General Motors Acceptance Corporation for an order (1) setting aside a final decree of forfeiture entered on June 13, 1954 and (2) mitigating or remitting the forfeiture.

The subject of the forfeiture of which General Motors Acceptance Corporation, hereinafter GMAC, complains was an automobile seized for violation of the Internal Revenue Laws which relate to concealment and transfer of tax-unpaid alcohol.

The forfeiture proceeding was commenced on May 26, 1954 by the filing of a libel in rem. The return day of the monition was June 10, 1954. All parties being in default on the return day, a final decree of forfeiture was entered on June 13, 1954.

The court has power to open a final decree of forfeiture for violation of the liquor laws. See Commercial Credit Corporation v. U. S., 8 Cir., 175 F.2d 905. I do not think that the instant case is a proper one for the exercise of this power, because it appears that GMAC failed to act diligently. By its own admission GMAC knew that the subject automobile had been seized on June 3, 1954. The return day of the monition in the proceedings which resulted in forfeiture of the automobile was June 10, 1954. It is not suggested anywhere

that the notice published by the Government, libelant, was deficient.

The question thus arises whether the forfeiture can be mitigated or remitted without setting aside the decree.

■ Study of 18 U.S.C. § 3617 and 40 U.S.C. §§ 304f–304m (referred to in 18 U.S.C. § 3617(c)) convinces me that a claim for remission or mitigation of forfeiture of a vehicle forfeited for violation of Internal Revenue laws that relate to transportation and concealment of tax-unpaid alcohol cannot be heard and determined on its merits unless it is filed during the pendency of the forfeiture proceeding. So long, therefore, as the forfeiture proceeding continues to be a proceeding that has been terminated by decree, a claim which has not theretofore been filed cannot succeed.

Subsection (a) of 18 U.S.C. § 3617 reads:

"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture."

Subsection (b) says, in substance, that no claim for remission or mitigation shall be allowed "in any such proceeding" unless the claimant proves that he has satisfied certain conditions precedent specified in the subsection.

Subsection (c) deals with the priority of claims which have been "allowed in such proceeding". It provides for delivery of the seized vehicle to a claimant or claimants who request it where their claims exceed the value of the vehicle and refers to other sections of the United States Code for the procedure for disposition in all other circumstances.

Subsection (d) provides for delivery of the seized vehicle to a claimant who, in the "proceeding in court for the forfeiture * * * for a violation of the internal-revenue laws relating to liquor," establishes his right to immediate possession of the vehicle and executes and delivers to the court a bond in favor of the United States of America for payment of a sum equal to the appraised value of the vehicle.

The sections of the United States Code referred to in 18 U.S.C. § 3617(c) as providing the procedure where no claimants with claims exceeding the value of the vehicle request delivery are 40 U. S.C. §§ 304f–304m. Only one of these sections, 40 U.S.C. § 304i, concerns itself with the disposition of property which is the subject of a proceeding in court for forfeiture thereof. After setting out alternative dispositions of the property which the Administrator, defined in 40 U.S.C. § 304f, may request of the court "before entry of a decree," the section says, "and if forfeiture thereof is decreed, the court shall, in the event that the property is not ordered by competent authority to be returned to any claimant, order delivery accordingly."

■ Under 18 U.S.C. § 3617 the court has exclusive jurisdiction to remit or mitigate a forfeiture for violation of the liquor laws. It alone is a "competent authority" to order return to "any claimant." I fail to find anywhere a provision directing the court to forbear, after decreeing forfeiture, from ordering delivery during any period so that claims for remission or mitigation may be presented during that period. Thus the court orders delivery at the time it decrees forfeiture unless at that time it either is apprised of a claim for relief the hearing of which it has chosen to defer until the outcome of the suit for forfeiture, or is prepared to order remission or mitigation as a part of the decree of forfeiture itself. Clearly any claim or claims for relief must be brought to the court's attention prior to the decree of forfeiture.

Reading section 3617 of Title 18 of the United States Code and the sections therein referred to as a whole, it seems clear to me that the intent of the legislation is that claims for remission or mitigation of forfeitures for liquor law

violations are to be filed during the pendency of the proceedings for forfeiture.

The cases cited by GMAC do not convince me that I am in error. In U. S. v. One Chrysler Touring Sedan, D.C.M.D. Pa., 16 F.Supp. 629, the court determined that it was without jurisdiction to consider a petition for remission or mitigation filed *before* the institution of proceedings for forfeiture. In apprising the claimant of the proper procedure to be followed the court advised claimant to file its petition before a final decree was rendered in the suit for forfeiture. In his opinion in this case Judge Watson cited Wilson Motor Co. v. U. S., 9 Cir., 84 F.2d 630, where the court said, at page 633, "We therefore hold that the Congress is enacting section 204(a) [identical with 18 U.S.C. 3617(a)] on August 27, 1935, intended that its provisions should be exercised by the court *in a proceeding in which an automobile was forfeited to the government by its decree* given on February 28, 1936." (Emphasis supplied.) It is true that the issue presented in the Wilson case was different from the one presented here, but the quoted language indicates the court's reading of the statute here pertinent.

In both of the cases cited above the procedure approved by the courts was (1) filing of the petition during the pendency of the suit for forfeiture, (2) hearing on the petition only in the event that forfeiture is decreed. GMAC makes much of the fact that these courts defer the hearing on the petition until forfeiture is decreed, but to me this means merely that the courts believed that, having acquired jurisdiction to relieve a claimant from the burden of forfeiture, it was unnecessary to determine whether the claimant was worthy until it appeared whether the claimant would bear any burden of which to be relieved.

In Busic v. U. S., 4 Cir., 149 F.2d 794, the court dealt differently with the situation and allowed the claimant's petition to be filed by way of answer in the forfeiture suit. There, had the claimant made a case for remission or mitigation, the relief would have been incorporated in the forfeiture decree itself.

In U. S. v. One 1941 Chrysler Sedan Automobile, D.C.E.D.Ky., 46 F.Supp. 897, the court did not discuss the question of its jurisdiction under the statute to hear a petition for remission or mitigation filed after a final decree of forfeiture had been entered, and since the court did not grant relief it cannot be said that the court believed that it had such jurisdiction.

Thus, since I have decided that GMAC fails to make a case for the setting aside of the final decree of forfeiture, so that the forfeiture proceeding may not now be reopened, it is unnecessary for me to decide other points raised by the arguments and papers submitted on this motion and the motion is denied.