UNITED STATES of America, Libellant,

v.

ONE 1960 FORD, etc., Respondent,

Hooper Enloe Denton et al., Intervenors.

Civ. A. No. 1486.

United States District Court E. D. Tennessee, Northeastern Division.

May 31, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for libellant.

James M. Meek, William E. Badgett, Knoxville, Tenn., for intervenors.

NEESE, District Judge.

The Court heretofore sustained a libel of information to enforce an *in rem* forfeiture of an automobile belonging to Hooper Enloe (Dick) Denton, one of the intervenors herein, holding that the evidence adduced justified the forfeiture because the automobile was intended to be, and was, used as an active aid to another's illegal and fraudulent purpose to defraud the government of whiskey taxes. United States v. One 1960 Ford 4-Door Galaxie Sedan, D.C.Tenn. (1962), 202 F.Supp. 841. The Court subsequently ordered the disposition of the forfeited automobile. 40 U.S.C. § 304i. The libellant has now filed a petition seeking a modification of the order of disposition. The prayer in said petition is for the deletion from the disposal order of a restriction imposed by the Court on the official use of the forfeited automobile.

This restriction was imposed by the Court for good and sufficient reasons appearing on the trial of the libel action. In so doing the Court followed the pertinent statute which *inter alia,* directs the Administrator of General Services, before the entry of a decree of forfeiture, to " * * * apply to the court to order delivery of such property * * *" to certain governmental agencies, " * * * and if forfeiture thereof is decreed, the court shall, in the event that the property is not ordered by competent authority to be returned to any claimant, order delivery accordingly. All the property for which no such application is made shall be disposed of by the court in accordance with the law." 40 U.S.C. § 304i. Herein the said Administrator, before the entry of the decree of forfeiture, applied to this Court for an order to deliver the forfeited automobile to the Regional Commissioner of Internal Revenue, United States Treasury Department, for official use, and the Court ordered the Marshall to deliver same to such official " * * * for official use, and for any official use except by the Alcohol and Tobacco Tax Unit of said Department." The libellant insists that the Court lacked the discretionary power to attach the stipulated restriction to its order of disposition.

■ The word "shall", as it is used in 40 U.S.C. § 304i, denotes only futurity without any connotation of obligation on the Court's part. Cf. Brown v. Southern Railway Company, C.A.6th (1911), 187 F. 481, 484; see also Cairo and Fulton Railroad Company v. Hecht (1877), 95 U.S. 168, 170, 24 L.Ed. 423.

■ Statutes should not be construed as directory when that construction would result in serious impairment of public or private interests intended to be protected by such statutes, Escoe v. Zerbst (1935), 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, reversing C.A.10th, 74 F.2d 294, certiorari granted 294 U.S. 704, 55 S.Ct. 640, 79 L.Ed. 1240; but, where an act to be done by a public agency affects no third persons and is not clearly beneficial to them or to the public, the word "shall" does not mean "must" but, rather, indicates an intent in the Congress to confer a discretionary power. Mason v. Fearson (1850), 50 U.S. 248, 9 How. 248, 13 L.Ed. 125.

■ The construction and interpretation of a statute are judicial functions, and when administrative interpretations and judicial constructions conflict, the latter must prevail. Cory Corp. v. Sauber, C.A.7th (1959), 266 F.2d 58, rehearing denied 267 F.2d 802.

■■ In construing 40 U.S.C. § 304i this Court is of the opinion that the Congress intended to invest the courts with reasonable judicial discretion in ordering the delivery of forfeited property to governmental agencies on application of the Administrator of General Services; otherwise the Congress could have invested complete authority in regard to

**564**

such matters in the said Administrator *ex officio*. Any other interpretation would negate specific words of the statute. The application of the Administrator of General Services to the court under the statute was in reality a request of the court. United States v. One 1951 Chevrolet Sedan, D.C.N.Y. (1955), 129 F.Supp. 799, 800. The Congress intended the provisions of statutes dealing with the disposition of forfeited property to be exercised by the court. Wilson Motor Company v. United States, C.A. 9th (1936), 84 F.2d 630, 633.

Finding no merit in the libellant's petition for a modification of the Court's order of disposition filed herein, it is the ORDER of the Court that the same be, and it hereby is, denied.