**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1970 BUICK ELECTRA 225, 4-DOOR HARDTOP, I.D. NO. 482390Y147276, et al., Defendant.**

**Civ. No. C 70-1189.**

United States District Court,
N. D. Ohio, E. D.

Aug. 31, 1972.

Donald D. Weisberger, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

John P. Butler, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR RELIEF FROM JUDGMENT

KALBFLEISCH, Senior District Judge.

Harry Ting Yee, a claimant in the above-entitled cause, has requested this Court to relieve him from the judgment entered against the above-captioned items on March 24, 1971. This matter came on to be heard on June 12, 1972.

The claimant's motion is grounded upon the provisions of Rule 60(b), Fed. R.Civ.P. Specifically, Harry Ting Yee states in his motion that he is a "defendant and party in interest in the above entitled case" and alleges as grounds for granting this motion that:

"1. Said default judgment was the result of mistake, inadvertence, and excusable neglect. [Fed.R.Civ.P. 60 (b) (1).]

"2. It is no longer equitable that the judgment should have propspective [sic] application. [Fed.R.Civ.P. 60(b) (5).]

"3. The action against the defendant from which the default judgment resulted was based on a criminal action and claimed that the property taken in the judgment was contraband and that its possession or sale was a crime when in fact the defendant Yee was tried by this Federal District Court and acquitted of all alleged criminal charges connected with this property in—U. S. v. Harry Ting Yee, CR 70–582, on January 19, 1972. [Fed.R.Civ.P. 60(b) (6).]" (Citations added.)

A memorandum of an explanatory nature was annexed to the motion. In essence the claimant contends that the fact of Harry Ting Yee's acquittal of all criminal charges relating to the automobile and weapons declared forfeit by this Court and the fact that neither claimant nor his attorney "recall" service of the complaint and summons in this matter require this Court to vacate the default judgment entered March 24, 1971. This theory was also adhered to by counsel for claimant at the evidentiary hearing on this motion.

### I.

The criminal action described in the motion arose from an indictment alleging that claimant had knowingly engaged in the business of dealing in firearms contrary to the provisions of 18 U.S.C.A. §§ 922(a) (1) and 924(a); that he had knowingly transferred a firearm without having paid the transfer tax required by 26 U.S.C.A. § 5811, thereby charging a violation of 26 U.S.C.A. §§ 5861(e) and 5871; that he had knowingly and willfully possessed an assortment of firearms which had not been registered to him as required by Chapter 53 of Title 26 of the United States Code; and that he had knowingly and willfully possessed two German Lugers with detachable shoulder stocks and one German Mauser with detachable shoulder stock which had not been registered to him as required by Chapter 53 of Title 26 of the United States Code, thereby charging a violation of 26 U.S.C.A. §§ 5861(d) and 5871. The third count of the indictment was dismissed prior to trial; that count charged Harry Ting Yee with possessing an assortment of firearms other than the two German Lugers and the German Mauser.

While the indictment was pending against the claimant a complaint for forfeiture of his car and the weapons seized by the Government was filed in this Court. The United States Marshal's Office indicated that it had made personal service upon this claimant and his wife, Sophie Yee. Moreover, the matters contained in the file of the Clerk of the Court indicate that on February 20, 1971, a legal notice appeared in the "Daily Legal News" advising any claimants to appear on March 15, 1971, at 10:00 A.M. at the United States Courthouse, Cleveland, Ohio, to interpose any claims they might have regarding

the property therein listed. No claimants having appeared, the Government applied for an entry of default on March 22, 1971. On March 24, 1971, this Court found that the parties in interest were in default of answer, that the property should be libeled because Harry Ting Yee concealed and possessed one German Luger Pistol with an attachable wooden shoulder stock and that Harry Ting Yee possessed and concealed this contraband article in the Buick Electra sedan which is a defendant in this action. Therefore, this Court entered a default judgment in favor of the plaintiff and ordered that the property involved herein be declared forfeit, that the automobile and guns should be delivered to the Internal Revenue Service, and that the shoulder stocks be destroyed by the United States Marshal.

On January 19, 1972, Harry Ting Yee was acquitted of the charges contained in the indictment filed in case number CR 70–582, United States v. Harry Ting Yee.

## II.

Thereafter, on March 24, 1972, Harry Ting Yee requested this Court to relieve him from the judgment of forfeiture. On May 8, 1972, the Government filed what it categorizes as a "Motion in Opposition to Motion for Relief from Judgment," wherein it argued that it had a "number of substantial bases for forfeiture, both in fact and in law, * * *." In support of this statement it offered a number of exhibits, which seem to indicate that Harry Ting Yee had no license to deal in firearms, that he on occasion sold guns to collectors, that he knew that a license was required to do business in firearms, and that the search during which the weapons involved herein were found and seized was carried out pursuant to a warrant issued September 8, 1970. Further, it is noted that the Government has offered a number of reasons, apparently based upon the case law in the area, for denying the motion of the claimant. It argues that the motion cannot be sustained as to the matter of excusable neglect because 1972 is a "leap year" and therefore claimant's motion was filed 366 days after the judgment was filed. Further, it argues that this Court has no power to mitigate this claimant's damage, "since mitigation in these matters resides solely with the Secretary of the Treasury and the Attorney General by way of executive relief." It continues, in deference to the claimant's third contention, that "an acquittal in a criminal action has long been held not to affect a forfeiture proceeding, the civil rules of evidence applying in a forfeiture proceeding."

## III.

At the hearing on this matter both parties advanced the same positions advocated in the memoranda previously filed in the action and leave of Court was sought to submit additional memoranda directed to the legal issues raised by this motion. The Court thereupon directed that the claimant would be granted thirty (30) days within which to proffer his memorandum and that upon receipt of the claimant's memorandum the Government would be granted twenty (20) days within which to respond to the issues raised by claimant's memorandum. Since the claimant has chosen not to comply with the time schedule advanced by this Court, it must be assumed that he is content with the memorandum previously submitted and the testimony and oral argument presented at the hearing on this matter. In the interest of justice, this Court can delay its determination on this matter no longer, and therefore will use the matters presently at its disposal to reach its conclusion.

## IV.

While the arguments of counsel do have considerable bearing upon the instant case, initially this Court must determine whether it has the *power* to

relieve the claimant from the default judgment in question. It does not. Rule 60(b) is generally held to be inapplicable to forfeiture proceedings. 15 Cyclopedia of Federal Procedure, Penal and Forfeiture Proceedings § 88.37 (3d ed. 1964). Specifically, it has been held inappropriate when relief is sought on the grounds of a mistake, inadvertence, surprise, or excusable neglect (United States v. One 1941 Chrysler Sedan Automobile Motor No. C28–17313, 46 F.Supp. 897 (E.D. Ky. 1942)) or void judgment. United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972). In support of these decisions two basic premises are applied. First, it is reasoned that since statutory forfeiture partakes of the character of a proceeding in rem, when the claimant has not intervened or been made a party to the proceeding he has no standing to be relieved from the final judgment. As the court in United States v. One 1941 Chrysler Sedan Automobile Motor No. C28–17313, supra, stated:

"It seems quite apparent from the wording of this rule that it was not designed to apply to proceedings 'in rem' for by its terms it affords relief only to 'a party' from a judgment taken against 'him.' The movant was neither a party to this proceeding nor was any judgment or other order taken against her." 46 F.Supp., at 898.

While the text of Rule 60(b) was amended in 1946 and 1948, the provision of the rule which was referred to in the above-quoted case has not been changed substantially. It states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding * * *."

Second, the courts in construing Rule 60(b), as it relates to forfeiture proceedings, indicate that the reason for holding it inapplicable is that the innocent claimant has a right to remission and mitigation as provided by Congress. See 26 U.S.C.A. § 5872; 49 U.S.C.A. § 781; 49 U.S.C.A. § 782; 26 U.S.C.A. § 7327; 19 U.S.C.A. § 1618; United States v. One 1961 Red Chevrolet Impala Sedan, supra; United States v. One 1941 Chrysler Sedan Automobile Motor No. C28–17313, supra.

■ Thus, operating within the confines of the facts presented in this case this Court must determine its ability to relieve this claimant from the judgment entered against one 1970 Buick Electra 225 and fifty-four firearms, three shoulder stocks and sixteen shoulder stock holsters when he did not apply to intervene in the action as a party defendant within the ten-day limitation provided by Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, and has not made any attempt to apply for remission or mitigation as provided him by statute.

26 U.S.C.A. § 5872 provides that firearms which have not been owned or transferred in conformity with the revenue laws are subject to seizure and forfeiture, with the applicable provisions of the internal revenue laws providing the appropriate substantive guidelines in such proceedings. Moreover, 49 U.S.C.A. § 781 states that it is (a) unlawful for any vehicle to be used to (1) "transport, carry, or convey," (2) "to conceal or possess," or (3) "to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away" of any contraband article, a contraband article being defined as:

"(b)(2) Any firearm, with respect to which there has been committed any violation of any provision of the National Firearms Act or any regulation issued pursuant thereto." 49 U.S.C.A. § 781.

And any vehicle used to violate the provisions of § 781 "shall be seized and forfeited." 49 U.S.C.A. § 782.

Further, 26 U.S.C.A. § 7327 provides that with regard to remission and mitigation, the provisions of the customs laws apply. That provision of the customs laws which applies in this case states that any person with an interest in any forfeited vehicle or merchandise may petition the Secretary of the Treasury for the remission or mitigation of the forfeiture. 19 U.S.C.A. § 1618.

The claimant should not be permitted to by-pass this remedy unless it can be shown that he was deprived of a substantial right in the civil action. See, e. g., United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), wherein claimant's goods were returned because of inability to assert privilege against self-incrimination; McKeehan v. United States, 438 F.2d 739 (6th Cir. 1971), wherein the Court stated that constitutional protections were to apply in a forfeiture proceeding, namely, due process as to the claimant.

Therefore, it may be seen that the claimant cannot prevail by merely contending that he was adjudged "not guilty" of the crimes associated with the forfeited goods. He alleges no constitutional deprivations, nor has he offered proof thereof; and, traditionally, the mere innocence of the claimant has not been enough to set aside a forfeiture judgment. See United States v. One 1961 Cadillac, 337 F.2d 730 (6th Cir. 1964).

Thus, it seems readily apparent that the proper course for the claimant is to petition for remission or mitigation, since:

"[i]t is not to be presumed that the Secretary will not conscientiously fulfill this trust, and the courts have intervened when the innocent petitioner's protests have gone unheeded." (Citations omitted.) United States v.

United States Coin & Currency, supra, 401 U.S. at 721, 91 S.Ct. at 1045.

Therefore, it is ordered that the claimant's motion for relief from judgment be and is hereby overruled.